UNITED STATES v. TURNER. See Case No. 14,248.

---

## Case No. 16,550.

### UNITED STATES v. TUSKA.

[14 Blatchf. 5.] [1]

Circuit Court, S. D. New York. Oct. 6, 1876.

GRAND JURORS—DRAWING AND SUMMONING—QUALIFICATIONS—PLEA IN ABATEMENT.

A plea in abatement to an indictment, averred that 48 persons were summoned as grand jurors; that the names of such persons were not drawn by the clerks, as required by the rules; that one of the grand jurors was a non-resident; and that several of them were not possessed of the proper property qualification. It did not aver any prejudice to the accused. On demurrer to the plea, held, that the plea was bad.

[Cited in U. S. v. Benson, 31 Fed. 901; U. S. v. Terry, 39 Fed. 361; U. S. v. Ewan, 40 Fed. 452.]

[This was an indictment against Philip H. Tuska. Heard on demurrer to a plea in abatement.]

Benjamin B. Foster, Asst. U. S. Dist. Atty.

Benjamin F. Tracy, John J. Allen, and Edward T. Wood, for defendant.

BENEDICT, District Judge. This case comes before the court upon a demurrer to a plea in abatement. All the averments of the plea relate to the constitution of the grand jury that found the indictment. The material averments are, that 48 persons were summoned by the marshal to attend as grand jurors; that the names of such persons were

[1] [Reported by Hon. Samuel Blatchford, Circuit Judge, and here reprinted by permission.]

not drawn by the clerks, as required by the rules; that one of the grand jurors was a non-resident; and that several of them were not possessed of the proper property qualification. These are all the averments of the plea deserving of any particular notice, and they are simple averments of irregularities, unaccompanied by any averment of any prejudice to the accused. The law applicable and authoritative here upon such questions is to be found in the case of U. S. v. Reed [Case No. 16,134], subsequently considered and approved in U. S. v. Tallman [Id. 16,429]. The determination of the court in Reed's Case was, that the statute of the state, adopted by the statute of the United States, having taken away the right of challenging the array of grand jurors, has, by implication, taken away the right to raise the objection in any form. The same case also determines, that an objection founded upon the want of qualification of grand jurors, either as individuals or as a panel, is within the scope of the statute and unavailing.

It has been contended here, that, as, in the cases above referred to, the questions determined were not presented by a plea in abatement, they furnish no authority in the present case, where the objections are taken by plea. But, it is obvious, from the language of these decisions, that their effect was not intended to be dependent upon the form in which the questions were brought up. In neither of the cases were the questions raised by a challenge; and, in the latter case, it is plain that the points in judgment were determined as if raised by plea. Furthermore, I incline to the opinion, that, where there is no averment of injury or prejudice to the defendant, irregularities such as are here complained of become matters of mere form, within the scope of section 1025, Rev. St. U. S., which provides, that no trial, judgment or other proceeding upon an indictment shall be affected by reason of any defect or imperfection in matter of form only, which shall not tend to the prejudice of the defendant.

In regard to the order directing that 48 persons be summoned to attend, I desire to say further, that it is not open to the charge of irregularity. No statute of the United States fixes the number of persons to be summoned, nor has the state law as to number been adopted; and, moreover, there is no uniform law of the state upon the subject, in force throughout the locality comprising the Southern district of New York. In some parts of the district the state law allows the summoning of 50 persons; in other parts the number is 36. Resort to the common law also fails. Whether, at common law, an irregularity would be committed by the sheriff in selecting and summoning more than 24 jurors to attend as grand jurors, I do not stop to inquire. If such be the rule applicable to an officer charged with the duty not only of summoning but of selecting good and lawful men to compose a grand jury, the

reason of the rule fails under our system of procedure, where the marshal has simply to summon designated persons, and the court, in the absence of any other mode provided by statute, must select the requisite number of fit persons from those in attendance. In the absence of statutory regulation, the court must necessarily determine what will be a sufficient number to enable a grand jury to be constituted; and the existence of this power will be found to be implied in section 808, Rev. St. U. S. It should be added, that it has been of frequent occurrence, in this district, to direct that 48 persons be summoned; and, in at least one instance, an order similar to the one in this case was made by the circuit judge. Nor is there any ground to contend that any possible injustice could arise to the defendant from the course pursued. The plea shows, that, of those who were summoned, only 22 persons fit to be sworn attended, and that all these were sworn. As to rule 60, which has been referred to, it has been deprived of effect by the subsequent rules, but it supposes the court to be vested with power to fix the number of jurors to be summoned.

To the averment of the plea, that the names were not drawn by the clerks, as the rules require, the plea itself furnishes a sufficient answer, for, it sets up the certificate of the clerks that the names were drawn in conformity with the rules. It cannot be permitted to a defendant to set up such a certificate as part of the record upon which the court has acted, and then to contradict it by his plea. Moreover, upon the plea as worded, it must be presumed that the drawing was done by the deputy clerks.

In regard to the averment of want of qualifications in some of the grand jurors as to residence and property, there appears to me to be no room to contend that the objection is not fully covered by the decision in Reed's Case. It may, however, be said, in addition, that the ground for a rejection of a similar objection, found by the supreme court of Massachusetts (Com. v. Smith, 9 Mass. 107), in the form of the indictment used in that state, differing, as it does, from the English form, and from the form used in many of the states, is to be found in this case. The averment of the present indictment, in this particular, is similar to the averment in the Massachusetts case. I add further, that the argument from inconvenience and delay, which the courts of this state have given controlling weight adversely to the present objection (People v. Jewett, 3 Wend. 314), seems to me to be entitled to control here. If, in every criminal prosecution, the accused has the legal right, by a plea in abatement, to raise the question of the residence and the property of each of the members of the grand jury, and require that issue to be tried before a jury, before calling upon him to answer the charge, it is easy to see, that, in localities like New York, the practice would substantially render

the trial of an offender optional with him, for, in the absence of any better method of selecting juries for courts of the United States than that permitted by existing laws, it doubtless happens that some one of the grand jury is open to question as to his residence or property. It is also easy to see, that, if matter forming ground for a challenge is allowed to be the foundation for an issue for the jury, when set up by plea in abatement, the effect of the provision of the statute requiring that "all challenges, whether to the array or panel, or to individual jurors, for cause or favor, shall be tried by the court" (section 819), will be substantially destroyed.

In the discussion of this case I have been referred to many and conflicting decisions in the courts of the several states, upon the questions under consideration, but, as before stated, the adjudged cases in this circuit, to which reference has been made, must furnish the law for the present case; and they compel the sustaining of this demurrer.

It is ordered that the plea be set aside, and that the accused plead anew to the indictment.