## UNITED STATES *v.* EWAN.

*(Circuit Court, N. D. Florida.* November 14, 1889.)

GRAND JURY—QUALIFICATIONS—INDICTMENT.

Although the law may require grand jurors to be registered electors, etc., the fact that one of the grand jurors was illegally registered is no ground for quashing an indictment, but is such a defect only as is contemplated by Rev. St. U. S. § 1025, which provides that no indictment shall be deemed insufficient by reason of any defect in matter of form which shall not tend to the prejudice of defendant.

At Law. Plea in abatement to indictment.

*E. K. Foster, J. E. Hartridge,* and *C. M. Cooper,* for defendant.

*J. N. Stripling,* U. S. Atty.

SWAYNE, J. The defendant filed a plea in abatement to the indictment herein, and alleges that it should be abated and quashed upon the ground, in substance, that William Pittman, one of the grand jurors who presented said indictment, is not, and was not when he was impaneled as a member of the grand jury, a duly-registered elector of the county of Duval, his place of residence. The plea admits that his name appears upon the registration list of Duval county; but it is contended that it is there illegally, in this: that it was placed there on the 29th day of September, 1887, and by an officer not entitled to register, and therefore he is not a legally qualified juror. To this plea the government has interposed a demurrer, and alleges that the plea does not state facts which in point of law show that the juror in question was incompetent and disqualified.

Section 800 of the Revised Statutes declares that "jurors to serve in the courts of the United States, in each state, respectively, shall have the same qualifications   *   *   *   as jurors of the highest court of law in such state   *   *   *   at the time." Act Aug. 1, 1868, Laws Fla., provides that "all persons who are qualified electors of this state shall be liable to be drawn as jurors, except as hereinafter provided," etc.; and Act June 7, 1887, § 9, provides that qualified electors can register only between certain dates in each year in which there shall be a general election. The grand juror William Pittman did not register in such a year. Is he a competent grand juror, or must the indictment against the prisoner, J. W. Ewan, be quashed for this reason? In the case of *U. S. v. Benson,* decided by FIELD, circuit justice, SAWYER, circuit judge, and HOFFMAN, district judge, in the district of California, reported in 31 Fed. Rep. 896, the facts upon which the decision was rendered are very similar to those in this case. In that case the plea in abatement set up that "the grand jury which found the indictment was an illegal and incompetent body, having no authority or jurisdiction to find or present it, or to find or present any indictment, for the reasons that some of the persons who composed the jury   *   *   *   were not at the time tax-payers in California, nor were they assessed for taxes on any property on the last assessment roll of the counties from which they were respectively summoned." The defendants in that case contended that the in-

dictment was illegal and void, and should be abated and quashed. To this plea the United States demurred. In the examination of that question it appeared that the Code of Civil Procedure of the state of California, § 198, declares "that a person is competent to act as juror if he be— *First*, a citizen of the United States, an elector of the county, * * * and a resident of the township at least three months before being selected and returned; *second*, in possession of his natural faculties, and not decrepit; *third*, possessed of sufficient knowledge of the language in which the proceedings of the courts are had; *fourth*, assessed, on the last assessment roll of his county, on property belonging to him." And section 199 of the same Code adds that "a person is not competent to act as a juror— *First*, who does not possess the qualifications prescribed by the preceding section; *second*, who has been convicted of a felony or misdemeanor involving moral turpitude." In deciding that case the court says that "the essential requisites of every juror are the possession of his natural faculties, and sufficient knowledge of the language in which the proceedings before him are had to obtain a clear understanding of what is done and said," and that "the provisions of the statute passed to bring offenders against the laws to trial are not to be so construed as to defeat their purpose. The various proceedings prescribed are the means designed, not merely to protect the accused, but also to protect the public, and are to be enforced, on the one hand, so as to secure to the accused a full and fair trial, and, on the other hand, so as not to prevent the punishment of crime." The last two paragraphs are as follows:

"In this case the objections to some of the grand jurors, that their names were not among the list of tax-payers on the last assessment roll of their respective counties, is technical only. There is no allegation in the plea that the jurors were not in all respects, as to ability and knowledge, fully qualified for the duties imposed upon them, or that the defendants were in any respect prejudiced by the absence of their names from the assessment roll. In these circumstances the objection must fall under the general rule of the federal courts, that omissions which do not impair any substantial right, or prejudice the defense, of the accused must be disregarded, unless otherwise required by positive statute. Section 1025, Rev. St., declares that 'no indictment found and presented by a grand jury, in any district or circuit or other court of the United States, shall be deemed insufficient, nor shall the trial, judgment, or other proceeding thereon be affected, by reason of any defect or imperfection in matter of form only, which shall not tend to the prejudice of the defendant.'

"In *U. S.* v. *Tuska* it was held by Judge BLATCHFORD, then district judge, now a justice of the supreme court, that, where there is no averment in a plea in abatement of injury or prejudice to the defendant, irregularities in the finding of an indictment, consisting, among other things, of some of the grand jurors not possessing the proper property qualifications, became matters of mere form, to be disregarded under the above statute. 14 Blatchf. 5. Without accepting this conclusion in full, the spirit which it expresses undoubtedly governs the action of the federal courts, that omissions or defects in such cases which do not prejudice the accused shall not avail to set aside an indictment or other proceeding."

The demurrer to the plea in that case was sustained, and the defendant ordered to plead to the indictment. I have quoted thus extensively

from the above decision, both on account of the high authority of the court that delivered it, and the almost exact similarity of the facts involved. In that case the grand jurors were not on the last assessment roll. In this case a grand juror was on the registration list; but it is alleged his name was not there in strict accordance with the law regulating the same. There is no allegation in the plea in this case, nor does the argument of counsel intimate in the most remote manner, that the grand juror Pittman was not in his natural faculties, or possessed of sufficient knowledge of the language to obtain a clear understanding of all that was done or said, or that he was not a man of approved integrity, fair character, sound judgment, and intelligence. It was not denied that he was a citizen in every way entitled to register, and his name was on a registry list; the allegation simply being that it was not there legally. Surely, the court can appropriately adopt the language of the California case, that the "objection is technical only." But counsel for the prisoner contended that the reason why the California case was so decided was owing to the existence of section 995 of the Penal Code of that state, that provides that an indictment may be set aside on motion for certain reasons, among which there was no mention of not having been on the assessment roll, as mentioned in section 198 of the Civil Code. But in the state of Florida, by the act of criminal procedure of February 2, 1861, it is provided on what grounds only an indictment shall be quashed, and in that act there is no mention of an unregistered elector,—of his not being registered at the proper time. So that, if we read the two acts together in Florida, as was done in California, and as we must do to get the proper meaning of the law as it exists, it will be seen that the same conclusion must follow in this case as was arrived at in that. While this part of the criminal procedure act of Florida may not have been so construed by some of the courts of this state, the decision of the federal court must be the guide in this case. The law of California provides that a person is not competent to act as a juror whose name is not on the last assessment roll of his county. The law of Florida provides that a person is not a competent juror who is not registered between certain dates in a certain year. Who can point out the material difference between these two provisions? And, as it is evident the objection made to the grand juror does not impair any substantial right, or prejudice the defense, of the accused in any manner, it must fall under the provisions of section 1025, Rev. St., mentioned above. As this disposes of the matter without reference to the question of the legality of the registration, but upon what the court deems a broader and more comprehensive view, and one that must carry with it the force of its own merit, it will not be necessary to consider the other points that were urged by counsel on both sides at great length. The demurrer to the plea is sustained, and the defendant must plead to the indictment; and it is so ordered.