**UNITED STATES v. HIZNAY et al.**

No. 8441.

District Court, M. D. Pennsylvania.

Oct. 12, 1933.

Andrew B. Dunsmore, of Wellsboro, Pa., for the United States.

James J. Powell, M. J. Eagen, and M. J. Martin, all of Scranton, Pa., for defendant James P. Wilson.

WATSON, District Judge.

This is a motion by James P. Wilson, one of the defendants, to quash the indictment.

The defendant has assigned a number of reasons in support of the motion, but, at the argument and in the brief, urged only two reasons, the third and the fifth. The third reason reads: "Third: That there is no Section of the United States Penal Code which renders it an offence to aid and abet in having a check certified as under circumstances as alleged in the indictment."

The indictment was drawn under section 5208 of the Revised Statutes as amended, title 12 USCA § 591 (R. S. § 5208; Sept. 26, 1918, c. 177, § 7, 40 Stat. 972), which reads

as follows: "Any officer, director, agent, or employee of any Federal reserve bank or member bank who shall willfully violate the provisions of this section and section 501 of this title, or who shall resort to any device, or receive any fictitious obligation, directly or collaterally, in order to evade the provisions thereof, or who shall certify a check before the amount thereof shall have been regularly entered to the credit of the drawer upon the books of the bank, shall be deemed guilty of a misdemeanor and shall, on conviction thereof in any district court of the United States, be fined not more than $5,000, or shall be imprisoned for not more than five years, or both, in the discretion of the court."

Title 18 USCA § 550 (R. S. §§ 5323, 5427; Mar. 4, 1909, c. 321, § 332, 35 Stat. 1152) reads as follows: "Whoever directly commits any act constituting an offense defined in any law of the United States, or aids, abets, counsels, commands, induces, or procures its commission, is a principal."

It is urged by counsel for the defendant that because section 5208 does not contain a provision relating to aiding and abetting that defendant cannot be prosecuted as an aider and abettor. Congress saw fit to enact a general statute making all persons who aid and abet, counsel, command, induce, or procure the commission of an offense against the United States principals. If defendant's contention is correct that section 550 of title 18 USCA does not apply, then it may be said with equal force that it does not apply to any criminal statute which does not contain provisions as to aiders and abettors.

The indictment in this case charges the defendant in the following language: "That on said June 11, 1932, at said Dickson City aforesaid in said Middle District of Pennsylvania, said James P. Wilson, so being the president of said member bank as aforesaid, and the president of said Wilson Lumber Company, then and there, well knowing all the matters and things hereinbefore set forth, with intent then and there on his part to injure and defraud said member bank, unlawfully and feloniously did willfully and knowingly aid and abet the said Andrew S. Hiznay, alias A. S. Hiznay, in so certifying said check as aforesaid."

In Hale v. United States, 25 F.(2d) 430, 434, Circuit Court of Appeals, Eighth Circuit, which was a murder case, Hale was charged with aiding and abetting Ramsey in committing murder, and it was urged that the indictment was insufficient in that the averments did not inform defendant how or in what manner he aided Ramsey, or how he abetted him in the commission of the offense. The indictment, after setting out with requisite particularity the acts of Ramsey, who committed the murder, charges Hale in the following language: "That William K. Hale, a white person, late of said district, then and there unlawfully, feloniously, willfully, deliberately, maliciously, and premeditatedly, and with malice aforethought on his part, did aid, abet, counsel, command, and procure the said John Ramsey in so doing and so to do." The court held that this was sufficient, stating: "This method of charging one who aids or abets in the commission of a crime has been authoritatively approved. In Coffin v. United States, 156 U. S. 432, 448, 15 S. Ct. 394, 400, 39 L. Ed. 481, the court said: 'Nor is the contention sound that the particular act by which the aiding and abetting was consummated must be specifically set out. The general rule upon this subject is stated in United States v. Simmons, 96 U. S. 360, 363, 24 L. Ed. 819, as follows: 'Nor was it necessary, as argued by counsel for the accused, to set forth the special means employed to effect the alleged unlawful procurement.' '" Neither the statute defining murder nor the statute fixing the penalty contains a provision as to aiding and abetting.

I conclude that James P. Wilson is lawfully charged with aiding and abetting a violation of section 5208, even though that section does not contain a provision making it an offense to aid and abet the certifying of a check.

▮ The fifth reason assigned by the defendant reads: "Fifth: That the defendant was secretly presented for indictment without any preliminary hearing and any notice of any kind whatever, thereby depriving him of his right to challenge prejudiced or unfair members of the Grand Jury."

Apparently, counsel for the defendant bases his contention upon the practice and procedure under the laws of the state of Pennsylvania, which give to the accused a right to a preliminary hearing. However, the federal courts have repeatedly held that a preliminary hearing is not a necessary requisite to an indictment. Ruthenberg et al. v. U. S., 245 U. S. 480, 38 S. Ct. 168, 62 L. Ed. 414, U. S. v. Thompkins, 28 Fed. Cas. page 89, No. 16,483.

In United States v. Lewis (D. C.) 192 F. 633, 636, the court stated: "Defendants in their plea specifically allege that they were not under bond to appear or answer any indictment which might be found against them, and were not required to appear in court at

any time before the finding of the indictment, and had no notice or knowledge whatever of any investigation being made as to them until after the indictment was found and returned into court. This is clearly within the letter and spirit of section 1025, Rev. Stat. (U. S. Comp. St. 1901, p. 720 [18 USCA § 556]); Wolfson v. United States, 101 F. 430, 41 C. C. A. 422; Stockslager v. United States, 116 F. 590, 54 C. C. A. 46; United States v. Ewan (C. C.) 40 F. 451." In United States v. Thompson, 251 U. S. 407, 40 S. Ct. 289, 292, 64 L. Ed. 333, the court said: "That the power and duty of the grand jury to investigate is original and complete, susceptible of being exercised upon its own motion and upon such knowledge as it may derive from any source which it may deem proper."

In view of the existence of a controlling federal rule which would be overthrown by applying the state law, the want of merit in defendant's contention is self-evident, regardless of how we may feel as to the justice of the Pennsylvania law. We must be controlled in this case by the statutes and decisions of the federal courts.

In my opinion, the other reasons assigned by the defendant in support of his motion are without merit, and the motion should be refused.

Now, October 12, 1933, the motion to quash the indictment is refused, and the rule to show cause is discharged.