Filed Nov. 28, 1887.

112  344
118  514
121  476
112  344
127  498
112  344
128  213
129  585
112  344
134  247
134  535
112  344
142  515
142  520
112  344
150  569

No. 12,728.

## THE CITY OF INDIANAPOLIS *v.* PATTERSON.

CITY.—*Annexation of Platted Land.—Plat by One Having no Authority.*—A city has no jurisdiction to annex, by a resolution of its common council, lots laid off and platted by one who is not the owner of the land and who has no authority in the premises.

SAME.—*Husband and Wife.—Mistake.*—A husband can not, without authority from his wife, plat her land, and the fact that the land which he assumes to plat was omitted by mistake from a previous plat made and acknowledged by her can make no difference.

SAME.—*Estoppel.— Taxes.—Conveyance.—Street Improvement.*—A wife, whose land has been platted without her knowledge or consent by her husband, is not estopped to dispute the validity of the plat, and the subsequent annexation of the land to a city, by paying city taxes and executing conveyances, without knowledge of the facts, and in the belief that such transactions relate to lots previously and legally platted by her, nor by a street improvement of which she had no knowledge and which was made at the expense of lot-owners.

SAME.—*Married Woman.—Estoppel in Pais.*—Prior to September 19th, 1881, when the statutes of that year went into force, a married woman's rights in real estate could not be affected by an estoppel *in pais.*

SAME.—*Illegal Annexation.—Recovery of Taxes.—Statute of Limitations.*—Where the plat and the annexation are void, taxes assessed and collected by the city are illegal, and may, there being no estoppel, be recovered back, unless barred by the six years statute of limitations, which begins to run with each payment.

The City of Indianapolis v. Patterson.

SAME.—*Removal of Married Women's Disabilities.*—*Statutes of 1881.*—Since the taking effect of the statutes of 1881 a married woman has been under no legal disability excepting her from the operation of the six years statute of limitations, and where the full period of the statute had run against causes of action in her favor prior to September 19th, 1881, she had two years thereafter within which to sue, and no longer.

From the Marion Superior Court.

*C. S. Denny* and *W. L. Taylor*, for appellant.

*E. A. Parker*, for appellee.

ZOLLARS, J.—Appellee brought this action to recover an amount paid by her to the city as taxes, assessed upon her land, and to enjoin the further collection of taxes theretofore assessed, and, also, to enjoin the further assessment of taxes upon the land. The facts, as shown by the pleadings and the special finding of facts, are, in substance, as follows:

On the 24th day of May, 1860, appellee was the owner in fee simple of eighteen acres of land in one body adjoining the corporate limits of the city of Indianapolis. On that day, she and her husband, Samuel J. Patterson, executed and acknowledged, in proper and legal form, a plat of eleven acres of the land as Samuel J. Patterson's addition to the city of Indianapolis, subdividing the land thus platted into small lots, streets and alleys. The plat was recorded in the proper plat-book in the office of the county recorder.

Appellee thought that the remaining seven acres of her land were included in the plat, it being her intention and desire to subdivide the whole of her land into city building lots, with the proper streets and alleys.

On the 31st day of December, 1868, Samuel J. Patterson, appellee's husband, without her knowledge or consent, executed, acknowledged and caused to be recorded a plat of the remaining seven acres of her land into lots, streets and alleys, "accurately fitting into and corresponding with" the lots, streets and alleys in the subdivision of May 24th, 1860. The lots in the two plats were so numbered that there were no duplicates, but numbered consecutively through the two ad-

ditions. The last plat, made by the husband alone, as above stated, was designated in the explanation thereon as "Patterson's extended addition" to the city of Indianapolis. In the explanation, also, it was recited that the plat was made as an extension of the plat of 1860, and reference was made to the plat-book in which that plat was recorded for a more particular description of the plat then executed by the husband.

Upon the seven acres thus platted by the husband appellee has resided with her family for many years, using the land for agricultural purposes, both before and since the platting.

On the 17th day of December, 1871, the common council of the city of Indianapolis passed a resolution in terms annexing said plats, subdivisions and lots to the city, and caused a certified copy of the resolution to be recorded by the county recorder in the proper record book. For the year 1872, and subsequent years, including the year 1882, the city assessed all of the lots in the two plats as lots in "Patterson's addition," and collected the taxes so assessed, the payments being made in April of each year succeeding the year for which the lots were assessed. The taxes were voluntarily paid, but appellee paid them, or caused them to be paid, in the belief that the lots upon which they were assessed had been included in the plat of 1860, which she acknowledged, and had been legally annexed to the city, and that they would be sold if the taxes were not paid.

On the 28th day of May, 1873, appellee and her husband executed a warranty deed to Fanny A. Patterson for five lots, and on the 18th day of October, 1877, executed a warranty deed to Elizabeth Riley for three lots. The lots were described in the deeds as in "Patterson's addition." In fact, they were in the addition as laid out by the husband in 1868. On April 4th, 1881, appellee and her husband mortgaged to the State for the use of the school fund lots 2, 3 and 4 in the addition of 1860, and lot 48 in the addition platted by

the husband in 1868. The lots were described in the mortgage as in Samuel J. Patterson's addition, and as a part of the description of the lots reference was made in the mortgage to the book and page where the plat made by the husband in 1868 was recorded.

By order of the common council in 1873, and at the expense of adjoining lot-owners, one of the north and south streets, which, according to the plats, extended through both additions, was improved through the whole of the addition platted in 1860, and through a small portion of the addition as platted by the husband in 1868.

Appellee's husband died on the 25th day of May, 1883. She commenced this action on the 16th day of May, 1884, having, on the 21st day of the preceding April, made a demand upon the city for a refunding of the taxes paid as above stated.

The common council of a city in this State has authority, without the consent of the owner, to annex territory, and extend its boundaries so as to include lots laid off and platted adjoining the city, if the plat has been acknowledged and properly recorded in the recorder's office of the county, but not otherwise. This is so well settled that it is not necessary to do more than cite the statute and some of the cases: R. S. 1881, section 3195; *Taylor* v. *City of Fort Wayne*, 47 Ind. 274; *Strosser* v. *City of Fort Wayne*, 100 Ind. 443.

It is equally clear that one person can not lay off and plat the land of another, so as to give the city jurisdiction to annex it by a resolution of its common council. The platting, laying off and acknowledging of the plat must be by the owner of the land, or by some one legally authorized so to do for the owner. A man can no more lay off and plat his wife's land, without proper authority from her, than can he the land of a stranger. He can neither sell nor encumber his wife's land by his separate act. R. S. 1881, section 5128. Nor can he, by laying it off and platting it, dedicate a por-

tion of it to streets and alleys, and thus, indirectly, subject the remainder of it to the burdens of city taxation.

As will be observed from the statement of facts above given, appellee and her husband in 1860 made a legal plat of eleven acres of her land. That plat was acknowledged by her and properly recorded. The lots in that addition were properly annexed to the city by the resolution of its common council. No question is made as to the legality of that plat, nor as to the annexation of the lots in that addition.

The controversy is as to the remaining seven acres, upon which appellee has all the while lived, and which she has used for agricultural purposes. That land has never been laid off or platted by her. In 1868 her husband laid it off and platted it as an extended addition, and caused the plat to be recorded; but he did it without any authority from her, and without her knowledge.

The court below found, as facts, that at the time appellee with her husband made and acknowledged the plat of 1860, she desired that the whole of her eighteen acres of land should be included, and thought that it was. But neither her desire in that regard, nor her mistake as to the fact, authorized her husband to lay off and plat the seven acres in 1868.

Suppose that, instead of the plat of 1860, appellee and her husband had made a deed to consummate a mere gift of her land, and that at that time she desired to give the whole of her land, and supposed that the whole of it was included in the deed, would those facts alone have authorized the husband to deed to the same person in 1868, without her authority or knowledge, the seven acres not included in the deed of 1860? Clearly not. The case supposed and the case in hand are parallel in all essentials. The donee in the deed of 1860 could not have compelled appellee to afterward make a deed for the seven acres which she supposed were included in the deed of 1860. Neither could the city compel her to lay off and plat the seven acres of land omitted from the plat of

1860, simply because she at that time desired that it should be, and thought that it had been, included in the plat of 1860. And as appellee could not be compelled to make a plat of the seven acres, so she is not estopped to dispute the validity of the plat of that land made by her husband, without her knowledge, in 1868.

After that plat was made, she joined with her husband in a mortgage upon some of the lots therein described, and also made deeds for others; but the lots were described as in Patterson's addition, and not as in Patterson's extended addition, the name given by the husband to the addition platted by him in 1868. And, moreover, at the time she executed the conveyances, she was yet ignorant of the fact that the husband had made a separate plat, and yet supposed that all of the land was included in the plat acknowledged by her in 1860. It is not shown that any of the conveyances worked any sort of injury to the city, or to any one else.

During all the years in which she paid the taxes, she supposed that the land had all been platted in 1860, and paid them under that mistake of facts.

The city improved a street through the addition platted in 1860, and for a short distance into the addition as platted by the husband in 1868, but it is not shown that appellee asked for such an improvement, or that she knew that it was being made. The evidence shows that the lots deeded away by appellee were deeded to her children, and that they asked for the improvement, which was made in front of their lots, and not in front of the land owned by appellee. Moreover, the city expended no money in the improvement of the street. The improvement was made wholly at the expense of the adjoining lot-owners.

We think that nothing is shown that ought to estop appellee from disputing the validity of the plat made by the husband in 1868, or the validity of the annexation of the seven acres of land by the city in 1871. This conclusion is

sustained by the decision and reasoning of the court in the case of *Strosser* v. *City of Fort Wayne, supra.*

It must be remembered, too, that, up to the 19th day of September, 1881, at least, appellee was a married woman, under the disabilities of coverture. Until the act of 1881, R. S. 1881, section 5115 *et seq.,* a married woman was not bound by an estoppel *in pais,* especially when such an estoppel was invoked to affect her right or title to real estate. *Levering* v. *Shockey,* 100 Ind. 558; *Wilhite* v. *Hamrick,* 92 Ind. 594; *Snoddy* v. *Leavitt,* 105 Ind. 357 (360), and cases there cited.

The plat of the seven acres being void, because not the act of appellee, the owner, the city had no authority to annex the land by a resolution of its common council, and the taxes assessed and collected were illegal and wrongful.

The plat and the annexation being illegal and void, and there being no estoppel, appellee's right to recover back the amount of taxes paid is settled by our cases. Beyond a citation of some of the cases, nothing further need be added: *City of Indianapolis* v. *McAvoy,* 86 Ind. 587; *Strosser* v. *City of Fort Wayne, supra,* and cases there cited; *City of Indianapolis* v. *Vajen,* 111 Ind. 240. See, also, *McWhinney* v. *City of Indianapolis,* 101 Ind. 150; *Newsom* v. *Board, etc.,* 103 Ind. 526.

Both the pleadings and the special findings of facts present the question as to whether any portion of appellee's claim is barred by the six years statute of limitations. That statute applies to cases of this sort, and applies here, and bars a portion of appellee's claim, unless saved by her coverture. *Newsom* v. *Board, etc., supra.*

Statutes of limitation like ours run against all persons except such as are excepted from its operation. The six years statute commenced to run against appellee with each payment made. *Walker* v. *Hill,* 111 Ind. 223; *Strong* v. *Makeever,* 102 Ind. 578 (589), and cases there cited; *Wright* v. *Kleyla,* 104 Ind. 223; *Davidson* v. *Bates,* 111 Ind. 391; *Wright* v. *Wright,* 97 Ind. 444.

It is a usual thing to provide that certain persons shall be regarded as under legal disability, and that they may bring their actions within a limited time after the removal of such disability. See *Strong* v. *Makeever*, *supra;* R. S. 1881, sections 296, 615, 901, 2403, 6467.

But for such provisions, infants and all other persons would be equally barred by such statutes of limitation. The statute of 1881 provides, in broad and unqualified terms, as did former statutes, that certain actions, including such as this, shall be commenced within six years after the cause of action has accrued, and not afterward. R. S. 1881, section 292; 2 R. S. 1876, p. 121, section 210.

The present act provides, as did the former, that any person, being under legal disabilities when the cause of action accrues, may bring his or her action within two years after the disability is removed. R. S. 1881, section 296; 2 R. S. 1876, p. 126, section 215.

The statute of limitation under examination is now, and has been, a part of the code. The same code, as it always has done, defines the phrase "under legal disabilities," as used in the sections fixing limitations for actions. The code of 1852 provided that it should include married women, persons within the age of twenty-one years, or of unsound mind, or imprisoned, or out of the United States. 2 R. S. 1876, p. 313, section 797.

The code of 1881 provides that it shall include persons within the age of twenty-one years, or of unsound mind, or imprisoned in the State prison, or out of the United States. R. S. 1881, section 1285.

It will be observed that in the above section of the code of 1881, declaring what persons shall be included in the phrase "under legal disabilities," as used in the above statute of limitations, married women are omitted. After the taking effect of that code, therefore, on the 19th day of September, 1881, married women were no longer "under legal disabilities," in the sense of that phrase as used in the above

statute of limitations. As to that statute, the disabilities of married women were removed by section 1285, *supra*, which went into effect at the same time with the balance of the code, including that portion fixing limitations within which certain actions may be commenced. Until the code of 1881 went into effect appellee was " under legal disabilities."

That code, section 1285, removed her disabilities, so far as concerns the limitations under discussion. And so far as concerns that statute of limitations, married women in this State have been under no common law disabilities which except them from its operation since the code of 1881 went into force. Our conclusion here is sustained by former rulings. *Rosa* v. *Prather*, 103 Ind. 191; *Strong* v. *Makeever*, *supra*, p. 589.

As to the statute of limitations here under examination, section 1285 of the revision of 1881, when it took effect on the 19th day of September, 1881, removed appellee's disabilities, the same as they would have been removed by the death of her husband, had it occurred at that time. And upon that removal of her disabilities, her rights as to this particular action became the same as they would have been by the death of her husband without such a statutory provision. At the time the code of 1881 went into effect, on the 19th day of September, 1881, by which, as we have seen, appellee's disabilities were removed, the six years limitation had run against all payments of taxes prior to the 19th day of September, 1875. For the recovery of those amounts, appellee had two years after the removal of her disabilities, on the 19th day of September, 1881, in which to bring her action; in other words, she had until the 19th day of September, 1883, in which to bring her action. She did not bring it at that time, but delayed until the 16th day of May, 1884. She, therefore, can not recover the amounts paid prior to the 19th day of September, 1875. Had she commenced her action before the expiration of two years from the 19th day of September, 1881, she might have recovered the amounts paid

prior to the 19th day of September, 1875, and all amounts subsequently paid, although as to the taxes paid in April, 1876 and 1877, the six years limitations expired respectively in April, 1882 and 1883. *Wright* v. *Kleyla*, 104 Ind. 223. But, as we have seen, appellee did not commence her action within two years after her disabilities were removed by the statute, on the 19th day of September, 1881. She, therefore, lost all the benefits of section 296, giving to certain persons two years after the removal of their legal disabilities in which to begin their actions. Her case, hence, stands as though there were no such section, and she can recover only the amounts paid within six years prior to the commencement of her action, on the 16th day of May, 1884; in other words, she can not recover any amounts paid prior to the 16th day of May, 1878.

The theory of appellee and her counsel is, that her disabilities were not removed, except by the death of her husband, on the 25th day of May, 1883, and that, therefore, her action was commenced in time to save her right of recovery as to all taxes paid by her. The first paragraph of her reply to the second paragraph of appellant's answer was drawn upon that theory. The theory, however, is not tenable.

It results from our conclusion above stated, that the court below should have sustained appellant's demurrer to appellee's reply, and that the amount of recovery is too large.

The judgment is reversed, at appellee's costs, and the cause is remanded, with instructions to the court below to award a a new trial, sustain appellant's demurrer to the first paragraph of appellee's reply, and to proceed in accordance with this opinion.

Filed Nov. 29, 1887.