ALDEN S. HULING v. THE CITY OF TOPEKA.

VALID STATUTES — *Addition to City — Judicial Power.* Section 1 of chapter 99 of the Laws of 1887 is constitutional and valid. The findings and judgment of the district court, made by virtue of that statute, are of a judicial character, and are the exercise of judicial power.

*Error from Shawnee District Court.*

THE opinion states the case.

*Alden S. Huling*, plaintiff in error, for himself.

*S. B. Isenhart*, city attorney, for defendant in error.

Opinion by GREEN, C.: On the 9th day of December, 1889, the city council of Topeka passed an ordinance annexing a

large number of platted and unplatted tracts of land to the city; this ordinance was approved by the mayor on the 10th day of December, and duly published as required by law. On the 15th day of January, 1890, the mayor of the city presented the ordinance, accompanied with the certificate of the city clerk and affidavit of the printer, showing that said ordinance had been passed and published, to the district court of Shawnee county, and asked that the same be approved, in accordance with § 1 of chapter 99 of the laws of 1887. The plaintiff in error appeared in court and objected to the approval of said ordinance, and assigned, among other grounds, that the court had no jurisdiction to act upon said ordinance. The record discloses the fact that after hearing all of the objections, proofs and evidence, the court took the matter under advisement until the following day, when the following findings and judgment were made, and entered of record:

"Thereupon this cause comes on for decision and approval, it having been heretofore heard and taken under advisement by the court; and the court being fully advised in the premises, finds:

"First, that a correct copy of the above-described ordinance of said city of Topeka, to wit, ordinance No. 1060, duly certified by the clerk of said city under its seal, also affidavits showing the publication of said ordinance, have all been properly filed with the clerk of said court, as provided by law.

"Second, the court further finds that none of said tracts of unplatted territory described in said ordinance exceed five acres, and that said ordinance was duly passed by the mayor and councilmen of said city and duly approved by said mayor, and that said ordinance was duly and properly published for the time and in the manner as required by law, and that said ordinance therefore ought to be in all things approved by the court.

"It is therefore considered, ordered and adjudged by the court that the said ordinance be and the same is hereby entirely and in all things approved, and each and all of the platted and unplatted territory set out and described in said ordinance is hereby adjudged to be duly and properly taken into and added to the city of Topeka, and to be in all respects and for all manner and purposes a part of said city."

No evidence was introduced upon the part of the plaintiff in error. A number of errors are assigned by the plaintiff in error, but we think they are all covered by the one controlling question, and are included in the first proposition of the plaintiff in error, that the provisions of § 1 of chapter 99 of the Laws of 1887 are unconstitutional and void. This question we will consider. We have recently been called upon to pass upon a similar act (§ 1 of chapter 69 of the Laws of 1886), relating to the annexation of territory to cities of the second class, in the case of *Callen v. Junction City*, 43 Kas. 627. The law was upheld in the case of cities of the second class. The procedure is almost the same. In the case of cities of the second class, the proposed ordinance is prepared and submitted with a petition to the district judge of the county in which the city is situated, having first been published for three consecutive weeks in some newspaper published in the city. Upon the presentation of such petition, with proof of notice, he shall proceed to hear testimony as to the advisability of making such addition; and upon such hearing, if he shall be satisfied that the adding of such territory to the city will be to its interest, and will cause no manifest injury to the persons owning real estate in the territory sought to be added, he shall so find. In the case of cities of the first class the ordinance is passed by the council, and within twenty days thereafter published. Upon the completion of the publication the mayor of the city, at the first regular term of the district court of the county in which the city is situated, commencing twenty days thereafter, shall present to the court a copy of the ordinance, duly certified by the clerk of the city, under seal, and also affidavits showing that the ordinance had been published. The law then makes it the duty of the court to determine whether said publication has been made in accordance with the statute, and to consider the ordinance, and by its judgment either approve, disapprove or modify the same, first hearing all objections, if any, and proofs, if any, offered by the city or persons affected by said ordinance.

The statute requires that the ordinance shall be published in the official paper; and when publication shall have been made, the chief officer of the city shall, within a certain time, present said ordinance to the court, with proof of publication. This publication is to give notice to all persons interested, that they may have a hearing upon the question of the annexation of the territory. The statute confers the power upon the court to first hear all objections offered by the city or persons affected by the ordinance, and then approve, disapprove or modify the same. It would seem that this brings this case within the rule established in the case of *Callen v. Junction City*, supra. The court said, in that case: "The judge has power, after such a hearing, to approve, disapprove or modify the proposed ordinance, and to make findings which in effect control the extension of the limits of the city. It would seem that by its terms the section in question does not require the judge to perform any other duty than one purely judicial in its character." In the case of cities of the first class, the court has the power, by its judgment, either to approve, disapprove or modify the ordinance, after hearing all objections made by persons affected by said ordinance. The legislature has declared how the corporate limits of a city may be extended — by the passage and publication of an ordinance. This ordinance, to be operative, must be examined by the court; objections may be made, proofs heard, and the ordinance may be approved or rejected. We think the authority conferred upon the court is in the nature of judicial power. This case is so nearly analogous to the case of *Callen v. Junction City*, supra, that we are constrained to hold, under the authority of that case, that the statute is valid.

It is recommended that the judgment be affirmed.

By the Court: It is so ordered.

All the Justices concurring.