## THE CITY OF EMPORIA v. W. A. RANDOLPH.
### No. 10441.

CITY LIMITS—*Enlargement.* A district judge may be required by *mandamus* to hear a petition for the enlargement of the city limits under section 121 of the act to incorporate cities of the second class, as amended. (Gen. Stat. 1889, ¶884.)

*Original Proceeding in Mandamus.*

ACTION by the City of Emporia against W. A. Randolph, judge of the fifth judicial district, for *mandamus*. The opinion, filed November 9, 1895, states the case.

*E. W. Cunningham,* for plaintiff.

*J. Jay Buck, T. N. Sedgwick,* and *L. B. Kellogg,* for defendant.

The opinion of the court was delivered by

MARTIN, C. J.: On June 18, 1895, at the courthouse in Emporia, the plaintiff, a city of the second class, presented to the defendant, the judge of the fifth judicial district, a petition for the extension of the boundaries of the city. The defendant declined to hear the petition, on the ground that the duties sought to be imposed upon the judge by section 121 of the act relating to cities of the second class (¶ 884, Gen. Stat. 1889) are in nowise judicial in their nature, but rather legislative.

If this question were a new one, the writer would entirely concur in the view expressed by the district judge; but it was fully considered in the case of *Callen v. Junction City,* 43 Kan. 627, where the court held, although unnecessary to a decision, that the findings of fact made by a judge of the district court, as required by this section, are the exercise of judicial power. That case has been followed in other cases, in one at least where a consideration of questions closely analogous was necessary in arriving at a proper conclusion. (*Huling v. City of Topeka,* 44 Kan. 577, 579, 580; *Hurla v. Kansas City,* 46 id. 738, 744, 745.)

We think it best to follow these authorities, not-

withstanding we cannot assent to the reasoning upon which they are founded. A peremptory writ will be awarded, requiring the judge to consider the petition.

JOHNSTON, J., concurring.

ALLEN, J.: I feel satisfied that the decisions in the cases cited in the foregoing opinion were right, but the reasoning by which the conclusions were reached, and the proposition of law affirmed, that a judge acts judicially in passing on a petition to extend the corporate limits of a city, are in my opinion clearly wrong. I cannot conceive of an act more clearly and distinctively legislative in its character than that of determining what the political *status* of a district shall be. The division of the state into counties, townships, cities, etc., is a matter to be determined exclusively by legislative officers, and that duty cannot be imposed on a judicial officer, as such, against his consent. I do not think this court is bound, when the question is directly and squarely presented, by *obiter dicta* in former cases, nor by misstatements of the law, even though the former decision be based thereon. I do not think the district judge was under any obligation to pass on the petition, or that a writ ought to issue in this case commanding him to do so.