### C. V. ESKRIDGE v. THE CITY OF EMPORIA *et al.*

**No. 12,218.**   (65 Pac. 694.)

SYLLABUS BY THE COURT.

1. CITIES AND CITY OFFICERS — *Extension of Corporate Boundaries.* Section 1, chapter 69, Laws of 1886 (Gen. Stat. 1901, § 1052), which provides that a city desiring to extend its corporate limits may make its application by petition to the district judge, asking such judge to hear the evidence and make a finding as to the advisability of taking into the city certain territory therein described, has been held by this court not to be an attempt to impose legislative power upon the judicial department of the state government, and is not for such reason unconstitutional and void. (*Callen v. Junction City,* 43 Kan. 627, 23 Pac. 652, 7 L. R. A. 736; *City of Emporia v. Randolph,* 56 Kan. 117, 42 Pac. 376.)

2. ———— *Reduction of Homestead.* In an action to enjoin a city of the second class from extending its corporate limits over a rural homestead of more than one acre of land, the question whether the incorporating of such homestead in the city will reduce such homestead to one acre cannot be litigated.

Error from Lyon district court; W. A. RANDOLPH, judge. Opinion filed July 6, 1901. Division one. Affirmed.

*T. N. Sedgwick,* and *L. B. & J. M. Kellogg,* for plaintiff in error.

*Buck & Spencer,* for defendants in error.

The opinion of the court was delivered by

GREENE, J. : The city of Emporia, a city of the second class, desirous of extending its boundaries, presented its petition to the judge of the district court of Lyon county, under section 1, chapter 69, Laws of 1886 (Gen. Stat. 1901, § 1052), asking said judge to make a finding as to the advisability of adding certain territory therein described to the city, which petition included eleven acres, at that time the rural

homestead of plaintiff in error.   Notice of this application was given as required by law, and upon a hearing the judge found that to add a part of the real estate, which contained the residence of plaintiff in error and his family, to the city would be of interest to the city and of no manifest injury to plaintiff in error.   Afterward, and pursuant to said finding, the city council passed an ordinance adding said territory to the city and included it within the city limits thereof.   The plaintiff in error commenced this action in the district court of Lyon county to enjoin the city of Emporia, and its officers and their successors, from exercising the corporate power of the city of Emporia over the land of plaintiff in error thus brought into the city, and to enjoin it from extending the corporate limits of said city over said land.   Upon the trial plaintiff in error was defeated, and he brings the case to this court.

The first contention is that the law authorizing said proceedings before the judge of the district court is unconstitutional and void, because it was an attempt on the part of the legislature to impose legislative power upon the judicial department of the state government.   This question has been determined by this court against the contention of plaintiff in error, and is no longer an open one in Kansas. (*Callen v. Junction City*, 43 Kan. 627, 23 Pac. 652, 7 L. R. A. 736; *City of Emporia v. Randolph*, 56 Kan. 117, 42 Pac. 376.)

The second contention of plaintiff in error is that, because the judge of the district court did not include in his finding the entire tract belonging to plaintiff in error, it was equivalent to a denial of the whole petition.   No line of reasoning is suggested by which we

24—63 KAN.

may arrive at this conclusion, and we are unable to conceive of any.

The two propositions presented to the judge for his determination were : (1) Whether it was of interest to the city of Emporia to include within its corporate limits these several tracts of land, or a portion of any of them ; (2) whether it would cause manifest injury to the person owning any of said several parcels of real estate, or any portion of any of them, to include such tract or part thereof in the city limits. These questions the judge had to determine. He found in regard to a part of the tract belonging to plaintiff in error that it would do no manifest injury to him to have a portion of it included within the corporate limits of the city.

Another contention is that the journal of the proceedings of the council containing the record of the passage of such ordinance does not show that the final vote was taken by yeas and nays, and therefore it could not have been properly passed. The record does show that all the councilmen were present and voted, and that this ordinance was passed by a unanimous vote. We think this is sufficient.

It is also contended that, by the exercise of this power, the homestead exemption of the plaintiff in error was reduced from eleven acres to one acre ; that under the constitution one residing outside the limits of an incorporated city may hold exempt from forced sale 160 acres ; that a resident of a city, under the same provisions of the constitution, can only have exempt one acre, with the improvements thereon.

Whether the homestead of plaintiff in error is reduced to one acre by incorporating it within the city is a question that cannot be litigated in this case. The ordinance does not take from him any land which he

owned prior thereto; he still remains the owner of all the land he owned before the passage of the ordinance. Whether his homestead exemption is reduced to one acre can only be determined when an attempt is made to subject a part of what was his rural homestead to the satisfaction of his debts. That question is not presented in this case.

The final contention is that the taxes which plaintiff in error will be compelled to pay in the city are in excess of what he would be required to pay if left in the township, and that such fact is conclusive evidence that it would be of manifest injury to him to be brought into the city. This argument, if true, would preclude every city in the state from extending its boundaries. But the judge of the district court had a hearing, when this and all other questions of fact of a like character were submitted, and his findings against the plaintiff in error are as conclusive upon this court as are the findings in the trial of any other cause.

We find no error in the proceedings or judgment of the court below. It is therefore affirmed.

DOSTER, C. J., JOHNSTON, POLLOCK, JJ., concurring.