## In re ANNEXATION TO FAIRBANKS.

(Fourth Division.   Fairbanks.   November 9, 1921.)

No. 2539.

**Constitutional Law** ⬮**56—Municipal Corporations** ⬮**29(1)—Annexation of Territory.**

The town of Fairbanks filed a petition with the commissioner and ex officio probate judge in that precinct seeking to annex to and bring within its corporate limits certain described adjoining territory. A number of residents and property holders within the territory sought to be annexed appeared before the commissioner and objected to the proceeding and denied the jurisdiction of the commissioner. The commissioner overruled their objections, and such further proceedings were had that the commissioner on September 9, 1921, made the order of annexation prayed for. Appeal was taken to the district court by the objectors, and on presentation of the question of jurisdiction in the district court, *held*, the act of the territorial Legislature (chapter 47, Sess. Laws 1921) attempting to impose jurisdiction on the commissioner and ex officio probate judge to hear the petition for the annexation of territory to a municipal

⬮See same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

corporation and render judgment thereon contravenes the provisions of the Organic Act of Alaska and amendments thereto, and is therefore unconstitutional and void.

Reversed, Town of Fairbanks, Alaska, v. Barrack (C. C. A.) 282 Fed. 417.

The town of Fairbanks, a municipal corporation, on the 25th of July, 1921, filed with the commissioner of the Fairbanks precinct a petition to annex certain territory adjoining the town. This petition was filed pursuant to a resolution adopted by the common council of the municipality under the provisions of chapter 47 of the Territorial Session Laws of 1921.

Section 2 of chapter 47 provides the manner in which notice of such proposed action shall be given.

Section 4 provides that:

"Whenever the common council, or trustees of any city, town or village, shall desire to enlarge the limits thereof by annexing territory contiguous thereto, they shall present a petition to the commissioner and ex officio recorder of the recording district in which such city, town or village is situated setting forth by metes and bounds the territory sought to be annexed and praying that said territory be annexed to said city, town or village. Notice of hearing of said petition shall be given as required in Sec. 2 of this act, and, if upon such hearing the commissioner is satisfied that due and proper notice has been given as required by this act, and that the annexation of such territory to the city, town or village will be to its interest, and will cause no manifest injury to the persons owning real estate in the territory sought to be annexed. he shall so find and shall make an order declaring such territory a part of the corporate limits of such city, town or village, and shall also cause such order to be recorded in the record of deeds in the recording district at the expense of the petitioner, and the territory so ordered to be annexed shall thereupon become a part of such city, town or village."

Section 8 makes provision for an appeal and is as follows:

"The common council or trustees or any person feeling himself aggrieved by the order of such commissioner may appeal from such order to the United States District Court for the division in which such city, town or village is situated in the manner provided for appeals from the justice's court in civil cases by filing a good and sufficient bond conditioned for the payment of all of the costs of said hearing."

Thereafter 29 residents and property holders in the territory sought to be annexed appeared by attorney and filed with

the commissioner a protest which is in the nature of a demurrer to the jurisdiction of the commissioner. The commissioner overruled the objections to his jurisdiction, and such further proceedings were had that on the 9th of September, 1921, an order of annexation was signed by the commissioner. From this order and all proceedings in the commissioner's court the 29 residents and property holders above mentioned prosecute an appeal to the district court.

L. R. Gillette, of Fairbanks, for petitioners.

Morton E. Stevens, of Fairbanks, for objectors.

BUNNELL, District Judge. Section 1835 of the Compiled Laws provides that:

"Upon the filing of the transcript with the clerk of the district court the appeal is perfected, and the action shall be deemed pending and for trial therein as if originally commenced in such court, and the district court shall proceed to hear, try, and determine the same anew, without regarding any error or other imperfection in the original summons and the service thereof, or on the trial, judgment, or other proceeding of the justice or marshal in relation to the cause."

The proceeding in the district court is therefore de novo, and, since a ruling on the jurisdiction of the commissioner disposes of the application of the town of Fairbanks to annex the adjoining territory designated, I shall confine myself to this question only, for it is well established that statutes similar to chapter 47, providing that a municipality may annex territory adjoining without submitting the question to a vote of the residents and property holders in the territory to be annexed, are constitutional. City of Indianapolis v. Patterson, 112 Ind. 344, 14 N. E. 551; Woolverton v. Town of Albany, 152 Ind. 77, 52 N. E. 455; Forbes v. City of Meridian, 86 Miss. 243, 38 South. 676; Roby v. Sheppard, 42 W. Va. 286, 26 S. E. 278.

The creation, enlarging, and contraction of the boundaries of municipal corporations are legislative functions, but if by a general act such creation, enlarging, and contraction are dependent upon conditions of interest and advantage to the municipality and of causing no manifest injury to the persons owning real estate in the territory sought to be annexed, and if the existence of such conditions is made the subject of in-

· quiry and determination by the courts, then such inquiry and determination is judicial in its nature. The parties themselves, if permitted by the Legislature to vote upon the question, determine the equities involved, and the ballot decides the issue, but if they are precluded from voting, and in order to be heard either for or against the contemplated action must appear before any designated body or court, then the determining by the designated body or court, upon the evidence submitted, of the reasonableness or unreasonableness of the proposed change and the advantage or injury. to the parties to be affected, is purely judicial and on the equity side. The following authorities support this view: Callen v. City of Junction City, 43 Kan. 627, 23 Pac. 652, 7 L. R. A. 736; Huling v. City of Topeka, 44 Kan. 577, 24 Pac. 1110; Hurla v. City of Kansas City, 46 Kan. 738, 27 Pac. 143; City of Emporia v. Randolph, 56 Kan. 117, 42 Pac. 376; Eakridge v. City of Emporia, 63 Kan. 368, 65 Pac. 694; City of Hutchinson v. Leimbach, 68 Kan. 37, 74 Pac. 598, 63 L. R. A. 630, 104 Am. St. Rep. 384; People v. Town of Ontario, 148 Cal. 625, 84 Pac. 205; Paul v. Town of Walkerton, 150 Ind. 565, 50 N. E. 725; In re County Commissioners, 22 Okl. 435, 98 Pac. 557; O'Neill v. Yellowstone Irr. Dist., 44 Mont. 492, 121 Pac. 283; State v. Holcombe, 95 Kan. 660, 149 Pac. 684; Capuchino Land Co. v. Board of Trustees, 34 Cal. App. 239, 167 Pac. 178; Inc. Village of Fairview v. Giffee, 73 Ohio St. 183, 76 N. E. 865; Town of North Judson v. C. & E. R. Co., 72 Ind. App. 550, 126 N. E. 323; Pelletier v. City of Ashton, 12 S. D. 366, 81 N. W. 735; Denny v. Des Moines County, 143 Iowa, 466, 121 N. W. 1066; N. O. & N. W. R. Co. v. Town of Vidalia, 117 La. 561, 42 South. 139; City of Jackson v. Whiting, 84 Miss. 163, 36 South. 611; Henrico County v. City of Richmond, 106 Va. 282, 55 S. E. 683, 117 Am. St. Rep. 1001; Sanderlin v. Luken, 152 N. C. 738, 68 S. E. 225; Norfolk County v. City of Portsmouth, 124 Va. 639, 98 S. E. 755; Boone County v. Town of Verona, 190 Ky. 430, 227 S. W. 804; City of Ludlow v. Ludlow, 186 Ky. 246, 216 S. W. 596; Town of Latonia v. Hopkins, 104 Ky. 419, 47 S. W. 248; Whitney v. Borough of Jersey Shore, 266 Pa. 537, 109 Atl. 767; Forsyth v. City of Hammond, 166 U. S. 506, 17 Sup. Ct. 665, 41 L. Ed. 1095.

· A brief review of our laws on the subject of incorpora-

tion of municipalities. and alteration of the boundaries. thereof will serve to illustrate the distinction between an act purely legislative and one primarily legislative though involving judicial inquiry.

In section 624 of the Compiled Laws of Alaska it is provided by Congress that:

"Any community in the district of Alaska having three hundred or more permanent inhabitants may incorporate as a municipal corporation termed a town in the manner hereinafter provided. A petition praying for such incorporation shall first be presented to the judge of the United States District Court presiding over the court in the judicial division in which the community seeking incorporation is located, which petition shall be signed by at least sixty male adults, bona fide residents of such community, and shall specify the boundaries and the number of inhabitants of the proposed corporation, and shall also specify the name by which it is to be known, and such other facts as may tend to show good grounds for such incorporation. The judge shall thereupon, by an order, fix the time and place for considering said petition, which time shall not be less than thirty days after the date of such order. A printed or typewritten copy of said order shall be posted. in three of the most public places within the limits of the territory proposed to be incorporated at least thirty days prior to the time fixed for considering said petition. At the time and place fixed for considering said petition the judge shall give a reasonable hearing to those who are in favor of and to those who are opposed to the same; and if he is satisfied that it is for the best interest and welfare of the community to be incorporated as a town he shall, by an order, so adjudge; and he may, by the order, change or modify the proposed boundaries. He shall also, by said order, designate the name and the boundaries of the corporation and the time and place when and where an election shall be held to °determine whether the people of the community desire to be incorporated; and he shall also, by said order, appoint three qualified voters to act as judges of such election. A printed or typewritten copy of said order shall be posted at three of the most public places within the limit of the proposed corporation at least thirty days prior to the day of election, and such posting shall be deemed a sufficient notice of such election."

From the foregoing section it will be seen that the petition for incorporation is presented to the district judge, and, after giving a reasonable hearing to those who are in favor of incorporating and to those who are opposed to the same, and if he is satisfied that it is for the best interest and welfare of the community to be incorporated as a town, he shall by an order so adjudge. His action in this matter is not final, for the question must be submitted to the voters residing in the ter--

ritory proposed to be incorporated. In other words, all the district judge really does, except passing upon the question of the proposed boundaries, is to pass upon the advisability of calling an election in order that the voters may determine by the ballot the question of incorporation.

By chapter 76 of the Territorial Session Laws of 1913 the territorial Legislature provided for the alteration, enlargement and the annexation of new territory to the boundaries and limits of incorporated towns within the territory of Alaska. By its terms the petition is presented to the district judge. This act, which is rather lengthy, provides for a special election to be held in the municipality and in the territory proposed to be annexed, at which election the question of annexation is submitted to the qualified voters. Their vote decides the issue; they determine their own equities. The district judge passes upon no question except the sufficiency of the petition, the qualifications of the signers, and the sufficiency of the plat of the territory proposed to be annexed.

By chapter 47 of the Territorial Session Laws 1913 the territorial Legislature provided for the incorporation of cities of the second class in the territory of Alaska. By this act the petition for incorporation is presented to the commissioner, ex officio probate judge, for the precinct in which the proposed municipality is located. All proceedings in so far as the same are judicial are before the commissioner, ex officio probate judge. This act brings with it the suggestion that the territorial Legislature of 1913 considered any judicial power in such a proceeding exercised by the commissioner, ex officio probate judge, to be of an equitable nature, for the probate judge has equitable jurisdiction, but which, however, is limited by the Compiled Laws of Alaska, to commit insane persons under section 831, and, within their respective precincts, under section 1595:

"First. To take proof of wills;
. "Second. To grant and revoke letters testamentary, of administration, and of guardianship;
"Third. To direct and control the conduct and settle the accounts of executors, administrators, and guardians;
"Fourth. To direct the payment of debts and legacies and the distribution of the estates of intestates;
"Fifth. To order the sale and disposal of the real and personal property of deceased persons;

"Sixth. To order the renting, sale, or other disposal of the real and personal property of minors;

"Seventh. To take the care and custody of the person and estate of a lunatic or habitual drunkard and to appoint and remove guardians therefor; to direct and control the conduct of such guardians and to settle their accounts;

"Eighth. To direct the admeasurement of dower."

Congress has fixed and determined the limitations of jurisdiction of the courts of Alaska.

Section 1530, C. L. A.:

"The judicial power in the district of Alaska is vested in a district court, in commissioners exercising the powers of probate courts, and in commissioners as ex officio justices of the peace."

Section 1531, C. L. A.:

"The district court is a court of general jurisdiction, civil and criminal, and also shall have admiralty jurisdiction."

Section 1532, C. L. A.:

"A justice's court is a court held by a commissioner as ex officio justice of the peace within the precinct for which he may be appointed. There are no particular terms of such court, but the same is always open for the transaction of business, according to the mode of proceeding prescribed for it."

Section 1534, C. L. A.:

"A justice's court has jurisdiction, but not exclusive of the following actions:

"First. For the recovery of money or damages only when the amount claimed does not exceed one thousand dollars;

"Second. For the recovery of specific personal property, when the value of the property claimed and the damages for the detention do not exceed one thousand dollars;

"Third. For the recovery of any penalty or forfeiture, whether given by statute or arising out of contract, not exceeding one thousand dollars;

"Fourth. Also to give judgment without action upon the confession of the defendant for any of the cases specified in this section, except for a penalty or forfeiture imposed by statute."

Section 1535, C. L. A.:

"The jurisdiction conferred by the last section does not extend, however—

"First. To an action in which the title to real property shall come in question;

"Second. To an action for false imprisonment, libel, slander, malicious prosecution, criminal conversation, seduction upon a promise to marry, in actions of an equitable nature, or in admiralty causes."

Section 2519 states the jurisdiction in criminal actions.

By section 1535, above, a commissioner, ex officio justice of the peace, has no jurisdiction in actions or proceedings of an equitable nature. Chapter 47 of the 1921 Session Laws attempts to confer equitable jurisdiction upon a commissioner, ex officio justice of the peace. By this act the parties interested in the matter of the annexation of territory to a municipality are precluded from declaring their desires by the ballot. They cannot thereby determine their equities. They are permitted, however, by section 4 of this act, to have a hearing before the commissioner for the precinct and present to him their reasons either for or against annexation. Upon the evidence presented the commissioner determines whether or not annexation will be to the interest of the municipality and whether or not it will cause manifest injury to the persons owning real estate in the territory sought to be annexed. Such a proceeding is judicial and of an equitable nature.

It is suggested that the territorial Legislature could confer equitable jurisdiction upon a commissioner, ex officio justice of the peace. The provisions of the Organic Act are to the contrary. In section 3 thereof (U. S. Comp. St. § 3530) it is stated:

"That all the laws of the United States heretofore passed establishing the executive and judicial departments in Alaska shall continue in full force and effect until amended or repealed by act of Congress."

And by the amendment to the Organic Act in 1914 (U. S. Comp. St. § 3544a) Congress provided that—

"Nothing in that act of Congress entitled 'An act creating a legislative assembly in the territory of Alaska and conferring legislative power thereon, and for other purposes,' approved August twenty-fourth, nineteen hundred and twelve, shall be so construed as to prevent the courts now existing or that may be hereafter treated in said territory from enforcing within their respective jurisdictions all laws passed by the Legislature within the power conferred upon it, the same as if such laws were passed by Congress, nor to prevent the Legislature passing laws imposing additional duties, not inconsistent with the present duties of their respective offices, upon the Governor, marshals, deputy marshals, clerks of the

district courts, * * * judges of probate courts, recorders, and coroners, and providing the necessary expenses of performing such duties, and in the prosecuting of all crimes denounced by territorial laws the cost shall be paid the same as is now or may hereafter be provided by act of Congress providing for the prosecution of criminal offenses in said territory, except that in prosecutions growing out of any revenue law passed by the Legislature the costs shall be paid as in civil actions and such prosecutions shall be in the name of the territory."

In the case of United States v. Wigger upon writ of error the Supreme Court of the United States, in commenting upon the language used above from the Organic Act, said:

"It seems to us that by the language employed Congress intended to draw a clear distinction between those laws by which the executive and judicial departments had been established in the territory and those minor regulations that had to do with practice and procedure. Those enactments by which Congress had provided for the appointment of executive and judicial officers for the territory and had marked out the powers, authority, and jurisdiction of each, and provided safeguards for their maintenance, are properly within the category of laws 'establishing' those departments. These laws, and not those merely regulating the procedure, were by the act of 1912 continued in force until amended or repealed by act of Congress." United States v. Wigger, 235 U. S. 281, 35 Sup. Ct. 44, 59 L. Ed. 226.

Much time has been given to the consideration of the question raised by the objections to the jurisdiction of the commissioner, but, after diligent research, I am led to the conclusion, inevitable as it seems, that chapter 47 of the Session Laws of 1921 contravenes the provisions of the Organic Act and amendment thereto, and is therefore unconstitutional. Unfortunately section 10 of chapter 47 repeals chapter 76, Session Laws 1913.

An order may be entered dismissing the proceeding.