UNITED STATES *v.* CHAIRES *et al.*

*(Circuit Court, N. D. Florida.  December 19, 1889.)*

1. JURY—JURY COMMISSIONER—QUALIFICATION.
    21 U. S. St. at Large, 43, requiring the court to appoint a jury commissioner, who shall be a citizen of good standing, and shall reside in the district in which the court is held, and who shall be a well-known member of the principal political party in the district opposing that to which the clerk belongs, is directory merely, and not mandatory.

2. SAME—SELECTING FROM PART OF DISTRICT.
    Rev. St. U. S., § 802, permitting jurors to be returned on an order of court from parts of a district, a plea that the jurors were drawn from an alleged division of the district, and not from the entire territory within the district, is bad, there being no injury or prejudice averred.

3. SAME.
    A plea is also bad under this statute, which, in effect, set forth that the defendants are and were citizens of L. county, in said district; that the offense charged was committed, if at all, in said L. county; and that none of the names placed in the jury-box from which the grand jury was drawn were citizens of said L. county.

4. SAME—SELECTION WITH REGARD TO POLITICAL AFFILIATIONS.
    Defendants' second plea was to the effect that the jury commissioner and the clerk, in selecting names to be placed in the jury-box from which the grand jury which found the indictment against defendants was drawn, did not comply with the law, and select such names without regard to party affiliations, but did select such names with regard to the party affiliations of the persons selected.  No injury or prejudice was averred.  *Held* that, while the plea was defective in form and substance, the matters set forth were so pleaded as to put the court on inquiry, and the demurrer thereto would be overruled, and the district attorney ordered to traverse the same.

Indictment for Violation of Election Laws, Brought against Benjamin Chaires, J. L. Agnew, and Doc Wooten.

*Cockerell & Son*, for defendants.
*Mr. Stripling*, Dist. Atty.
Before PARDEE and SWAYNE, **JJ.**

PARDEE, J. The defendants have filed several pleas in abatement, hereinafter more fully set forth, to which the district attorney for the United States has demurred, assigning as grounds therefor that the same are bad in substance, in that the said pleas do not allege that the defendants are prejudiced in any way, and that the matters alleged in said pleas do not in law constitute any ground of abatement. Counsel for the defendants and for the United States have argued the questions of law thus raised, and the court has considered the same.

The first plea is to the effect that the jury commissioner, appointed by the court on July 2, 1889, and who acted in placing the names in the box from which was drawn the jurors composing the grand jury finding the indictment against the defendants, is not now, and was not when appointed, a well-known member of the principal political party in the district opposed to that political party to which the clerk of the court belongs. The said plea contains no averment of injury or prejudice to the defendants, resulting from the fact alleged, and constituting the substance of the plea. At the hearing, we were under the impression that the plea was good in substance, and that injury and prejudice to the defendants might be inferred from the non-compliance with the requirements of the law, considering the same to be mandatory as to the qualification of the jury commissioner; but an examination of the law, and a consideration of the nature of the case, have forced us to the contrary conclusions. The statute provides as follows:

"And that all such jurors, grand and petit, including those summoned during the session of the court, shall be publicly drawn from a box containing, at the time of each drawing, the names of not less than three hundred persons possessing the qualifications prescribed in section 800 of the Revised Statutes, which names shall have been placed therein by the clerk of such court, and a commissioner to be appointed by the judge thereof, which commissioner shall be a citizen of good standing, residing in the district in which such court is held, and a well-known member of the principal political party in the district in which the court is held, opposing that to which the clerk may belong; the clerk and said commissioner each to place one name in said box alternately, without reference to party affiliations, until the whole number required shall be placed therein." 21 St. at Large, 43.

An inspection of this statute shows that the work of preparing the names of the persons possessing the qualifications of jurors, and placing them in the box, is to be done by the clerk of the court and a jury commissioner to be appointed by the judge. The duty to be performed by these parties is clearly and specifically prescribed in the statute. It may be considered, and probably is, mandatory; but it is entirely distinct from the duty devolving, under the statute, upon the judge. The plea under consideration relates entirely to the performance of the duty of the judge. By the statute, the judge is to appoint a commissioner, who shall be a citizen of good standing, who shall reside in the district in

which the court is held, and who shall be a well-known member of the principal political party in the district opposing that to which the clerk belongs. The question is whether this part of the statute is mandatory or directory; whether, in appointing a jury commissioner, the judge, while endeavoring to comply with the law, must make no mistake of fact or of judgment, but must, at the peril of all subsequent proceedings, be sure to appoint a citizen, not only of standing, but of good standing, and not only a known, but a well-known, member of the principal political party opposed to that to which the clerk belongs. The statement of the question, and the nature of the case, satisfies us that the statute in this particular is directory, and not mandatory. What is the standard for a citizen in good standing? By what rule is it to be determined who is a well-known member of a political party? Considering that the judge has knowledge, judicial or otherwise, as to the political party of the clerk, by what rule is the judge to determine which is the principal party opposed? Suppose that the clerk is an independent or a prohibitionist? In case of a challenge to the array of jurors, or a plea in abatement, who is to try the issue? All matters and questions come back to the judge. The judge, in the exercise of a sound discretion, under the responsibilities of his office, directed by the statute, passes upon the qualifications of the jury commissioner he appoints, and his action would seem to be final and conclusive, except, perhaps, in the court that can call the judge to account for misbehavior in office. Particularly must this be the case where neither injury nor prejudice nor oppression is apparent nor is averred.

We have examined the case of *U. S.* v. *Ambrose*, 3 Fed. Rep. 283, relied upon by counsel for defendants as holding that the statute, as to the qualifications of the jury commissioner, is not directory merely, but is mandatory. We find no such question in issue in that case, nor any holding or language of the presiding judge therein to warrant the conclusion that such ever was his opinion. The matter presented by this plea is naturally an interesting and tender subject to the court, (one of the judges having made the appointment in question,) and we would be disposed, *ex propria motu*, to suspend ruling on this plea, and direct an issue thereon, and an investigation thereunder, but for the fact, of which we take judicial notice as a part of the history of this and the preceding term, that upon the identical question the court has had and allowed the fullest investigation; that the real issue therein was not as to whether the jury commissioner was a Democrat, and a known Democrat, but whether he was a well-known Democrat; and thereafter, upon the evidence, the court has held and decided that the jury commissioner was and is a well-known member of the principal political party in the district opposing that to which the clerk belongs, (*U. S.* v. *Ewan, ante,* 451;) and a further investigation is not necessary, either for the vindication of the court or the protection of parties.

The third plea is to the effect that the names of the persons placed by the jury commissioner and the clerk in the box were not drawn from the entire territory within the northern district of Florida, but were drawn

from an alleged division of the district. No injury or prejudice is averred. Section 802, Rev. St., permits jurors to be returned on an order of court from parts of a district. No injury or prejudice can therefore be inferred. We think this plea is bad in form and substance.

The fourth plea is to the same effect, and, in addition, sets forth that the defendants are, and were, citizens of Leon county, in said district; that the offense charged was committed, if at all, in said Leon county; and that none of the names placed in the box from which the grand jury was drawn were of citizens of said Leon county. No injury or prejudice is averred, and as jurors can be drawn, under section 802, Rev. St., from a part of the district, no injury can be inferred. The plea is faulty in form and substance, and the demurrer thereto is well taken.

The fifth and sixth pleas were withdrawn on the hearing.

This disposes of all the pleas but the second, which is to the effect that the jury commissioner and the clerk, in selecting names to be placed in the jury-box from which the grand jury which found the indictment against defendants was drawn, did not comply with the law, and select such names without regard to party affiliations, but did select such names with regard to the party affiliations of the persons selected. No injury or prejudice is averred. We regard this plea as defective in form and substance, and containing argumentative and irrelevant matter; but we are inclined to the opinion that matters therein set forth might be so pleaded as to put the court on inquiry. We consider that the charge is, practically, that the jury-box was packed for political purposes.

We are disposed to agree with the case of *U. S.* v. *Ambrose, supra,* that the duties of the jury commissioners, in preparing the jury-box, are mandatory; but we do not think it necessary to so decide in this case. The imputation sworn to, and presented by reputable counsel, as it is, we regard as of such importance to the court, as well as to the administration of justice, as to demand inquiry.

An order will be entered sustaining the demurrer to the first, third, and fourth pleas, declaring the fifth and sixth pleas withdrawn on the hearing, overruling the demurrer to the second plea, and directing the district attorney of the United States to traverse the said second plea, with a view to a hearing thereon.

SWAYNE, J., concurs.