# UNITED STATES *v.* WIGGER, ALIAS MOOSE JOHN.

## ERROR TO THE DISTRICT COURT OF THE UNITED STATES FOR THE DISTRICT OF ALASKA, FOURTH DIVISION.

No. 349.  Argued October 23, 1914.—Decided November 30, 1914.

The act of the legislature of Alaska of April 26, 1913, so amending § 43 of Title II of the Alaska Code of Criminal Procedure enacted by Congress March 3, 1899, that several charges against any person for similar offenses can properly be joined in one indictment, was within the power delegated by Congress to the legislature of Alaska by the act of August 24, 1912.

The clause in § 3 of the act of August 24, 1912, providing that all laws theretofore passed by Congress establishing executive and judicial departments in Alaska should continue until amended or repealed by Congress, related to laws establishing such departments and not merely regulating procedure, and the form of indictment was open to amendment by the territorial legislature.

THE facts, which involve the validity and construction of an act of the territorial legislature of Alaska amending § 43 of Title II of the Alaska Code of Civil Procedure so as to permit one indictment for several offenses of the same class, are stated in the opinion.

*Mr. Assistant Attorney General Warren* for the United States.

There was no appearance or brief filed for defendant in error.

MR. JUSTICE PITNEY delivered the opinion of the court.

The grand jury returned an indictment against defendant in error containing three counts, charging him with as many different violations of the criminal laws in force

in Alaska. He demurred upon the ground (among others) that more than one crime was charged. The demurrer was sustained by the District Court upon this ground, and the case comes here under the Criminal Appeals Act of March 2, 1907, c. 2564, 34 Stat. 1246. The other grounds of the demurrer need not be further noticed.

By § 43 of Title II of the act of Congress approved March 3, 1899 (Alaska Code of Criminal Procedure, c. 429, 30 Stat. 1253, 1290; Comp. Laws of Alaska, § 2152), it was declared that "the indictment must charge but one crime, and in one form only; except that where the crime may be committed by use of different means the indictment may allege the means in the alternative." And by § 90 of the same Code (30 Stat. 1294; Comp. Laws of Alaska, § 2199), the defendant was entitled to demur where more than one crime was charged. But by an act of the legislature of Alaska, approved April 26, 1913 (Sess. Laws, p. 65), it was enacted that § 43 of Title II of the act just mentioned should be amended to read (like § 1024, Rev. Stat.) as follows:

"When there are several charges against any person for the same act or transaction, or for two or more acts or transactions connected together, or for two or more acts or transactions of the same class of crimes or offenses, which may be properly joined, instead of having several indictments the whole may be joined in one indictment in separate counts; and if two or more indictments are found in such cases, the court may order them to be consolidated."

The sole question presented for decision is whether this act of the territorial legislature was efficacious to amend the act of Congress. In *Summers* v. *United States*, 231 U. S. 92, 105, the validity of the territorial act was assumed; but no question had been raised about it.

Local powers of legislation were first conferred upon Alaska by act of Congress of August 24, 1912, c. 387, 37

Stat. 512, of which the most pertinent clauses are set forth in the margin.[1]  The scope of the authority of the

---

[1] An Act to create a legislative assembly in the Territory of Alaska, to confer legislative power thereon, and for other purposes.

*     *     *     *     *     *     *     *

SEC. 3. CONSTITUTION AND LAWS OF UNITED STATES EXTENDED.— That the Constitution of the United States, and all the laws thereof which are not locally inapplicable, shall have the same force and effect within the said Territory as elsewhere in the United States; that all the laws of the United States heretofore passed establishing the executive and judicial departments in Alaska shall continue in full force and effect until amended or repealed by Act of Congress; that except as herein provided all laws now in force in Alaska shall continue in full force and effect until altered, amended, or repealed by Congress or by the legislature: *Provided*, That the authority herein granted to the legislature to alter, amend, modify, and repeal laws in force in Alaska shall not extend to the customs, internal-revenue, postal, or other general laws of the United States or to the game, fish, and fur-seal laws and laws relating to fur-bearing animals of the United States applicable to Alaska, or to the laws of the United States providing fc. taxes on business and trade, or to the act entitled "An Act to provide for the construction and maintenance of roads, the establishment and maintenance of schools, and the care and support of insane persons in the District of Alaska, and for other purposes," approved January twenty-seventh, nineteen hundred and five, and the several Acts amendatory thereof: *Provided further*, That this provision shall not operate to prevent the legislature from imposing other and additional taxes or licenses.  And the legislature shall pass no law depriving the judges and officers of the district court of Alaska of any authority, jurisdiction, or function exercised by like judges or officers of district courts of the United States.

SEC. 4. THE LEGISLATURE.—That the legislative power and authority of said Territory shall be vested in a legislature, which shall consist of a senate and a house of representatives.  .  .  .

*     *     *     *     *     *     *     *

SEC. 9. LEGISLATIVE POWER—LIMITATIONS.—The legislative power of the Territory shall extend to all rightful subjects of legislation not inconsistent with the constitution and laws of the United States, but no law shall be passed interfering with the primary disposal of the soil; [Here follow numerous express limitations none of which has reference to the present subject.]

*     *     *     *     *     *     *     *

territorial legislature, so far as the present question is concerned, depends especially upon the true intent and meaning of the clause contained in § 3, "that all the laws of the United States heretofore passed establishing the executive and judicial departments in Alaska shall continue in full force and effect until amended or repealed by Act of Congress."

In order to determine what laws were by this language preserved from interference at the hands of the local legislature a brief review is necessary.

The territory in question having been ceded to the United States by the Emperor of Russia by treaty of March 30, 1867 (15 Stat. 539), Congress in the following year extended to it certain of the laws of the United States, at the same time enacting that until otherwise provided violations of the Act should be prosecuted in any district court of the United States in California or Oregon or in the District Courts of Washington (Act of July 27, 1868, c. 273, 15 Stat. 240, 241, § 7). By act of May 17, 1884, entitled "An act providing a civil government for Alaska" (c. 53, 23 Stat. 24), the Territory was declared to constitute a civil and judicial district; the appointment of a governor with executive authority was provided for, and by the third section it was enacted: "There shall be, and hereby is, established a district court for said district, with the civil and criminal jurisdiction of district courts of the United States, and the civil and criminal jurisdiction of district courts of the United States exercising the jurisdiction of circuit courts, and such other jurisdiction, not inconsistent with this act, as may be established by law." Provision was made for the appointment of a district judge and four commissioners, whose

---

· Sec. 20. Laws shall be submitted to Congress.—That all laws passed by the Legislature of the Territory of Alaska shall be submitted to the Congress by the President of the United States, and, if disapproved by Congress, they shall be null and of no effect.

jurisdiction and powers were prescribed, and for appellate
review.

By the act of March 3, 1899, already mentioned (c. 429,
30 Stat. 1253), Congress provided an elaborate criminal
code and code of criminal procedure, of which Title I
contains 219 sections, defining crimes and offenses, and
providing for their punishment, and Title II contains 481
sections, dealing for the most part with proceedings for
the punishment and prevention of the crimes defined in
Title I. By act of June 6, 1900, entitled "An Act Making
further provision for a civil government for Alaska, and
for other purposes" (c. 786, 31 Stat. 321), further provi-
sion was made, under Title I, for the establishment of
the executive and judicial departments in the Territory.[1]
Title II contains 1048 sections, constituting a Code of
Civil Procedure (31 Stat. 333–494; Comp. Laws of Alaska,
378–638). Title III contains 368 sections, and is called
the Civil Code (31 Stat. 494–552; Comp. Laws of Alaska,
277–362). In the Code of Civil Procedure, a chapter (31
Stat. 442, §§ 698 et seq.) is devoted to the courts of justice,
and contains sections prescribing their jurisdiction, powers,
and authority. By an act approved March 3, 1909, c. 269,
35 Stat. 838, 839, § 2, the act of 1900 was amended with
respect to the jurisdiction of the District Court.

As already remarked, legislative power was first con-
ferred upon the Territory by the act of August 24, 1912,
c. 387, 37 Stat. 512. From the provision of this act

---

[1] "An Act Making further provision for a civil government for
Alaska, and for other purposes.

    *      *      *      *      *      *      *      *

Sec. 4. There is hereby established a district court for the district,
which shall be a court of general jurisdiction in civil, criminal, equity,
and admiralty causes; and three district judges shall be appointed for
the district, who shall, during their terms of office, reside in the divi-
sions of the district to which they may be respectively assigned by the
President.   .   .   .   .

"That all the laws of the United States heretofore passed establishing the executive and judicial departments in Alaska shall continue in full force and effect until amended or repealed by Act of Congress" the District Court, after a review of the other legislation to which attention has been called, drew the conclusion that the laws concerning procedure in actions prosecuted in the name of the United States and by its officers are an essential and integral part of the laws establishing the executive and judicial departments, and that therefore these can be amended or repealed only by act of Congress.

With this view we are unable to concur. It seems to us that by the language employed, Congress intended to draw a clear distinction between those laws by which the executive and judicial departments had been established in the Territory and those minor regulations that had to do with practice and procedure. Those enactments by which Congress had provided for the appointment of executive and judicial officers for the Territory and had marked out the powers, authority, and jurisdiction of each, and provided safeguards for their maintenance, are properly within the category of laws "establishing" those departments. These laws, and not those merely regulating the procedure, were by the act of 1912 continued in force until amended or repealed by act of Congress. The section respecting the form of indictments was open to amendment by the territorial legislature, and the act of April 26, 1913, passed for that purpose, is therefore valid.

*Judgment reversed, and the cause remanded for further proceedings in accordance with this opinion.*

MR. JUSTICE MCREYNOLDS took no part in the consideration or decision of this case.