DUNN et al. v. UNITED STATES.

(Circuit Court of Appeals, Fifth Circuit. January 8, 1917.)

No. 2877.

1. GRAND JURY ☞8—SELECTION.

Judicial Code, § 276 (Act March 3, 1911, c. 231, 36 Stat. 1164 [Comp. St. 1913, § 1253]), declares that all jurors, grand and petit, including those summoned during the session of the court, shall be publicly drawn from a box in which the names shall have been placed by the clerk of the court, and a commissioner appointed by the judge, or by the judge senior in commission in districts having more than one judge, which commissioner shall be a citizen of good standing and a well-known member of the principal political party opposing that to which the clerk may belong, the clerk and the commissioner each placing one name in the box alternately until the whole number required shall be placed therein. The clerk, although a resident of the district, did not officiate or participate in the selection of the names and the drawing of the grand jury, which was conducted by a deputy clerk and a jury commissioner, who were members of the same political party. *Held*, in view of the provisions of the statute as to the appointment of a jury commissioner who should be a member of a political party different from that with which the clerk was affiliated, the statute must be deemed mandatory, and the clerk cannot delegate the duty of selecting names and drawing the grand jury to his deputies; hence the grand jury so drawn was not a lawful grand jury, and the indictment found thereunder is subject to attack.

[Ed. Note.—For other cases, see Grand Jury, Cent. Dig. §§ 16–20; Dec. Dig. ☞8.]

2. GRAND JURY ⬗8—JURY ⬗66(2)—SELECTION—DELEGATION OF RIGHTS.

A duty as that of selecting the persons to act as grand or petit jurors must be performed by the persons authorized by the statute to make the selection, and cannot be delegated to others.

[Ed. Note.—For other cases, see Grand Jury, Cent. Dig. §§ 16–20; Dec. Dig. ⬗8; Jury, Cent. Dig. § 284; Dec. Dig. ⬗66(2).]

3. CRIMINAL LAW ⬗1049—APPEAL—PRESENTATION OF GROUNDS OF REVIEW IN COURT BELOW.

Where accused, by plea in abatement to the indictment, attacked the mode of selecting the grand jury, and the overruling of that plea is shown by the record proper, the question is sufficiently reserved for review; exceptions being unnecessary.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 2656; Dec. Dig. ⬗1049.]

4. CRIMINAL LAW ⬗1186(4)—APPEAL—HARMLESS ERROR—"DEFECT IN MATTER OF FORM."

Where the clerk of the District Court did not participate in the selection of the grand jury, as required by 36 Stat. at L. § 1164, which provides for the selection of names for the grand jury by the clerk and a commissioner who shall be a member of the opposite political party, the error is prejudicial; the statute being intended to prevent the pollution of the stream of justice at its source, and an indictment, found by a grand jury so selected, must be set aside, the error not being a mere defect in matter of form, which Rev. St. 1025 (Comp. St. 1913, § 1691) declares shall be disregarded.

[Ed. Note.—For other cases, see Criminal Law, Dec. Dig. ⬗1186(4).]

In Error to the District Court of the United States for the Southern District of Texas; Waller T. Burns, Judge.

Tom Dunn and others were convicted of crime, and they bring error. Reversed.

This is a writ of error from a judgment of conviction on two indictments which, by order of the court, were consolidated. The indictments were filed on September 2, 1915, and September 6, 1915, respectively. To each of them, as stated in a bill of exceptions, before any other plea presented or entered, and before any announcement, and before the cause was called for trial, the defendants, during the term at which the indictments were found and returned, filed and presented in open court to the court for its action a plea in abatement, which alleged, as ground of abatement, in addition to alleged nonconformity with the requirement of the statute (Judicial Code, § 276 [U. S. Comp. Stat. 1913, § 1253]) as to the manner of placing names in the box from which grand and petit jurors are drawn, that the grand jury that found and returned the indictment was not a lawful grand jury, in that the clerk of the court, L. C. Masterson, did not act, officiate or participate in the selection or drawing of such grand jury, but was absent from the city of Corpus Christi, where the jury was drawn, and in no wise supervised or conducted the selection and drawing of the grand jury, which was drawn by J. A. Mount, a deputy clerk of the District Court, and J. C. McGill, who had been appointed by the court as jury commissioner for the Corpus Christi division, in the place and stead of E. C. Lasater, the jury commissioner of that division, who was absent from the state, from names selected and placed in the box by said Mount and McGill, who were members of the same political party. The plea averred that L. C. Masterson, the clerk of the court at the time of selecting the names and placing them in the jury box and of drawing the grand jury, was living and residing within the district, and was not disqualified or disabled from acting as clerk of the court, and that he and the said McGill belonged to the same political party. On the hearing of this plea by the court the evidence without dispute showed that the names which the jury

box contained when the grand jury was drawn by Mount and McGill were se-lected and placed therein by them substantially in the manner and under the circumstances alleged in the plea, some by one of them and some by the other, and that several of the names of those composing the grand jury were selected and placed in the box by Mount. The court overruled the plea in abatement. Its action in so doing is assigned as error.

Marshall Hicks, of San Antonio, Tex., Jacob F. Wolters, of Houston, Tex., James R. Dougherty, of Beeville, Tex., and B. W. Teagarden, of San Antonio, Tex. (Lane, Wolters & Storey, of Houston, Tex., Edward R. Kleberg, of Corpus Christi, Tex., James B. Wells and Harbert Davenport, both of Brownsville, Tex., G. R. Scott, Boone & Pope, of Corpus Christi, Tex., Hicks, Hicks, Teagarden & Dickson, of San Antonio, Tex., and Dougherty & Dougherty, of Beeville, Tex., on the brief), for plaintiffs in error.

John E. Green, Jr., U. S. Atty., of Houston, Tex.

Before PARDEE and WALKER, Circuit Judges, and FOSTER, District Judge.

WALKER, Circuit Judge (after stating the facts as above). [1] With reference to the selection and drawing of grand and petit jurors. the statute provides as follows:

"All such jurors, grand and petit, including those summoned during the session of the court, shall be publicly drawn from a box containing, at the time of each drawing, the names of not less than three hundred persons, possessing the qualifications prescribed in the section last preceding, which names shall have been placed therein by the clerk of such court and a commissioner, to be appointed by the judge thereof, or by the judge senior in commission in districts having more than one judge, which commissioner shall be a citizen of good standing, residing in the district in which such court is held, and a well-known member of the principal political party in the district in which the court is held opposing that to which the clerk may belong, the clerk and said commissioner each to place one name in said box alternately, without reference to party affiliations until the whole number required shall be placed therein." 36 Stat. L. 1164.

In the opinion rendered in the case of United States v. Chaires et al. (C. C.) 40 Fed. 820, it was said in reference to the provision just set out:

"An inspection of this statute shows that the work of preparing the names of the persons possessing the qualifications of jurors, and placing them in the box, is to be done by the clerk of the court and a jury commissioner to be appointed by the judge. The duty to be performed by these parties is clearly and specifically prescribed in the statute. It may be considered, and probably is, mandatory. * * *"

The facts of that case did not call for a decision of the question presented in the instant case. The terms of the statute leave no room for reasonable doubt that it is the clerk himself, not his deputy or any other person acting in his stead, who is designated as one of the two officials who are to act together in selecting the names and placing them in the jury box. The requirement as a qualification of the commissioner to be appointed that he be "a well-known member of the principal political party in the district in which the court is held opposing that to which the clerk may belong" is convincing evidence of an intention to impose upon the latter the duty of par-

ticipating in person in the performance of the duty prescribed. Where such an intention is disclosed by the statute which imposes the duty, the rule which generally prevails that a deputy of a ministerial officer can do every act which his principal might do (The Confiscation Cases, 20 Wall. 92, 111, 22 L. Ed. 320) can have no application.

[2] Even in the absence of such a clear manifestation of a purpose to require the official designated to perform in person the duty imposed, the generally, if not universally, prevailing rule is that such a duty as that of selecting the persons to act as grand or petit jurors must be performed by the persons appointed to make the selection, and cannot be delegated by them to another or others. State v. Newhouse, 29 La. Ann. 824; Klemmer v. Mount Penn Gravity R. R. Co., 163 Pa. 521, 30 Atl. 274; Hulse v. State, 35 Ohio St. 421; Commonwealth v. Graddy, 4 Metc. (Ky.) 223; Clare v. State, 30 Md. 163; 24 Cyc. 212; 12 R. C. L. 1016, 1017. This view was plainly expressed in the opinion in the case of United States v. Greene (D. C.) 113 Fed. 683, 692. The plea in abatement under consideration in that case did not show that the names in the jury box were not lawfully selected by the clerk and jury commissioner as contemplated by the act.

In the case of United States v. Gale, 109 U. S. 65, 71, 3 Sup. Ct. 1, 27 L. Ed. 857, Mr. Justice Bradley, delivering the opinion of the court, spoke of an indictment found by a grand jury selected by persons having no authority whatever to select them as fundamentally defective. While it was disclosed that there was no complaint of that kind against the indictment under consideration in that case, the court's enumeration of some of the fundamental requisites of a valid indictment is not to be disregarded. The expression there used was explicitly referred to, and certainly without disapproval, in the opinion in the case of Rodriguez v. United States, 198 U. S. 156, 25 Sup. Ct. 617, 49 L. Ed. 994. In the latter case it appeared that an objection to the indictment very similar to the one made in this case existed; but it was not passed on by the court, because no exception was reserved to the overruling of the motion in arrest of judgment by which alone it was raised.

[3] In the instant case the objection was duly and seasonably made by plea in abatement prior to arraignment, and the overruling of that plea is shown by the record proper, which is presented for review, and, besides, was unnecessarily excepted to. Crowley v. United States, 194 U. S. 461, 24 Sup. Ct. 731, 48 L. Ed. 1075.

[4] The statute designates the officials who are to select the names to be drawn from for jury service. A body made up of persons not so selected is not the grand jury contemplated by the law. An obvious purpose of the enactment was to provide protection against unfounded, partisan, and malicious prosecutions by confining the selection of those who can serve as grand jurors to designated officials, required to be members of opposing political parties. It is a means adopted to secure fair dealing and impartiality in the body intrusted with the power of making criminal charges. There can be no certainty that the purposes of the statute will not frequently be de-

feated if an indictment, which is seasonably impeached on the ground that it was found by grand jurors selected by persons having no authority whatever to select them, may be sustained because the evidence adduced with reference to it is such as to make it appear that the defendant was not actually prejudiced as a result of the selection of those who preferred the charge having been made without legal authority. Without regard to other obstacles which may confront one situated as a defendant in a criminal case not infrequently is, the secrecy of grand jury proceedings often must stand in the way of existing evidence being available to him to prove that improper influences were effective in bringing about the finding of the indictment against him, or to rebut untrustworthy evidence adduced to prove the absence of such influences. With reference to the participation of unauthorized persons in the selection of the names to go in the jury box, from which panels for service are to be drawn, it was said, in the opinion in the case of United States v. Murphy (D. C.) 224 Fed. 554, 564:

"The law has specified who is to make the selection of jurors, and it is unsafe and unwise to permit a departure from its provisions. Courts cannot stop to inquire in each case whether such participation, however indirect, has been harmful in a given case. The only safe rule is to prohibit and condemn it absolutely."

The designation made by the statute of the officials charged with the duty of selecting the names to be drawn from to make up grand and petit juries is a means adopted to prevent the pollution of the stream of justice at its source. The provision was intended to guard the administration of the criminal law against improper influences. The court is not vested with a discretionary power to dispense with a compliance with an essential feature of a safeguard prescribed by law. An impeachment of an indictment because of a noncompliance with the requirement that the names put in the jury box be selected by specified officials is not a suggestion of a defect or imperfection in matter of form only (U. S. Rev. Stat. § 1025 [Comp. St. 1913, § 1691]), but goes to the vital question of the legality of the existence of the body by which the charge was made, and of its right or power to make a charge which the party charged can be required to defend against. United States v. Lewis (D. C.) 192 Fed. 633. The conclusion is that the averments of the plea in abatement, which were sustained by uncontradicted evidence, showed that the indictment was bad because of a noncompliance with a fundamental requisite in the creation of the grand jury which returned it. Because of the error committed in overruling that plea, the judgment under review is reversed.