## HAUPTMAN et al. v. UNITED STATES.*
### No. 6051.

Circuit Court of Appeals, Ninth Circuit.
July 28, 1930.

RUDKIN, Circuit Judge, dissenting.

A. H. Ziegler and W. A. Holzheimer, both of Ketchikan, Alaska (Robert W. Jennings, of San Francisco, Cal., of counsel), for appellants.

Howard D. Stabler, U. S. Atty., of Juneau, Alaska.

Before RUDKIN, DIETRICH, and WILBUR, Circuit Judges.

WILBUR, Circuit Judge.

Appellants were convicted in the District Court for the district of Alaska, First Division, at Ketchikan, Alaska, on September 24, 1929, for transporting intoxicating liquor in violation of the National Prohibition Act (27 USCA) and for possessing intoxicating liquors in violation of an act of Congress entitled "An Act to prohibit the manufacture or sale of alcoholic liquors in the territory of Alaska, and for other purposes," enacted February 14, 1917 (39 Stat. 903 [48 USCA

§ 261 et seq.]). They appeal from the judgment and assign on the appeal certain alleged errors occurring at the trial.

The defendants interposed a challenge to each of the jurors selected for the trial of this case on the ground that the jury box had not been filled in accordance with the provisions of the laws of Alaska with relation to selection of juries enacted by the Legislature of Alaska in 1925 (Laws of Alaska 1925, c. 16, p. 29), in that the names of the jurors were not placed in the jury box by the jury commissioner and the clerk one at a time alternately, but that 2,400 names were placed therein by the jury commissioner and the clerk, each placing therein alternately a small bunch or handful. On the argument it is conceded that the names so placed therein were from the prepared list agreed upon by the clerk and the jury commissioner. The above statute upon which the appellants rely provides for the filling of the jury box with names to be selected by the clerk of the court and by a jury commissioner of opposite political party appointed by the court. It is provided that "the Clerk and the Jury Commissioner shall each place one name of such prospective jurors in said box alternately, without reference to party affiliations, until the required number of qualified jurors shall have been so placed in said jury box; and after such names have been so placed in said box, the box shall, before the drawing, be well shaken by both the Clerk and the Jury Commissioner so as to thoroughly mix the cards or pieces of paper upon which the names of the prospective jurors have been written for placing in such box; and the Clerk and the Jury Commissioner shall, upon the order of the Judge, thereupon draw alternately one name from the box until the required number of jurors have been secured." Section 2.

This conforms in a general way to the method of selecting jurors provided by Congress in 1879 (21 Stat. 43, § 2 [28 USCA § 412]). This law was carried into the Compiled Laws of Alaska 1913 by the provisions of section 2228 thereof, which provided that the trial jurors should be "selected and summoned in the manner prescribed by the laws of the United States with respect to jurors of the United States district and circuit courts." After the passage of the Organic Act establishing the Legislature of Alaska and vesting it with legislative authority, the Legislature of Alaska for the first time enacted a law with reference to the selection of jurors in 1915. Laws of Alaska 1915, p. 123, c. 67. This statute dealt with a selection of

jurors by the drawing of names from the trial jury box and the proceedings for the impanelment of a jury. In 1917 the Legislature of Alaska amended the act of 1915 by some minor changes therein and inserted the following provision: "No cases either civil or criminal shall be tried in the Court except in accordance with the above provisions except in civil cases upon the consent of the parties. The failure of the court to cause the above provisions in this Section to be complied with, shall be reversible error." Laws Alaska 1917, c. 59, § 3. This section (3) merely provided that the jury panel should at all times consist of at least twenty-four jurors and whenever the number was reduced below that, additional names should be drawn from the jury box which should contain at least 300 names. In 1923 the Legislature of Alaska enacted a new law for the choosing of jurors. Laws 1923, c. 91. It provided, as the previous act, for the drawing of jurors from the trial jury box and impanelment of jurors, the number of challenges allowed, and the method of procedure when the original venire had been exhausted. Section 7 thereof, is as follows:

"Section 7. No case, either civil or criminal, shall be tried in any of the courts of the Territory of Alaska, except in accordance with the foregoing provisions. Provided, however, that in civil cases, by consent of the parties, a jury may be drawn or selected in any manner upon which the parties may agree, and such jury, so drawn or selected, shall be deemed a legal jury, and such drawing or selection shall not be deemed a violation of the provisions of this act. Any violation of the provisions of this act is hereby declared to be reversible error."

It will be observed that for the first time the provision in regard to reversible error is broadened, as above mentioned, to cover any violation of the provisions of this act. The statute was re-enacted in 1925. Laws of Alaska 1925, c. 16, p. 29. The section as there enacted is in part as follows:

"Section 12. No case, either civil or criminal, shall be tried in any of the Courts of the Territory of Alaska, except in accordance with the provisions of this Act, and any violation of the provisions of this Act is hereby declared to be reversible error."

It is contended that the provision with reference to the placing of names in the jury box by the clerk and the commissioner alternately is mandatory, and that a failure to comply with the act necessitates reversal of this case regardless of the question of wheth-

er or not the appellants were prejudiced in any manner by the variance from the statutory method of selection. It should be noted that although the same language used by the Alaskan Legislature in the law of 1925 with relation to placing the names of the jurors alternately in the jury box has been in the federal statutes since 1879, it has been uniformly held that a failure to comply with this statute, whether regarded as mandatory or directory, cannot be taken advantage of by the defendant in a criminal case unless he can show that he has been prejudiced thereby. In Brookman v. United States, 8 F.(2d) 803, 806, decided by the Circuit Court of Appeals of the Eighth Circuit in 1925, the question was considered as to whether or not the alleged failure of the trial judge to select a jury commissioner of the opposite political party to the clerk as required by section 276 of the Judicial Code (U. S. Comp. St. § 1253, 28 USCA § 412), was prejudicial, and the court said:

"The cases in which the manner of drawing juries under section 276 of the Judicial Code has been assailed are numerous, and an examination of them will disclose without an exception that they lay down the rule that any irregularity in drawing jurors, grand or petit, cannot avail a defendant whose rights have not been prejudiced thereby, and that the burden is upon him to show by the averment of specific facts that he has been prejudiced, specifying how, in what manner, and to what extent, and, in making this showing, general statements and general conclusions of law or fact, or both, are to be avoided, and, if resorted to, will be disregarded. The following are probably the leading cases on this subject: Agnew v. United States, 165 U. S. 36, 44, 17 S. Ct. 235, 41 L. Ed. 624; United States v. Ambrose (C. C.) 3 F. 283, 286; United States v. Eagan (Judges Brewer and Thayer; C. C.) 30 F. 608; United States v. Benson (C. C.) 31 F. 896; United States v. Ewan (C. C. Fla.) 40 F. 451, 453; United States v. Chaires (C. C. Fla.) 40 F. 820, 822, 823; Wolfson v. United States (C. C. A. 5) 101 F. 430, 433, 41 C. C. A. 422; United States v. Greene (D. C.) 113 F. 683; United States v. Cobban (C. C. Or.) 127 F. 713, 715, 716; United States v. Merchants' & Miners' Trans. Co. (C. C. Ga.) 187 F. 355, 362; United States v. Nevin (D. C. Colo.) 199 F. 831, 833; United States v. Murphy (D. C. N. Y.) 224 F. 554, 559; Moffatt v. United States (C. C. A. 8) 232 F. 522, 529, 146 C. C. A. 480; Dunn v. United States (C. C. A. 5) 238 F. 508, 151 C. C. A. 444; United States v. Caplis (D. C.) 257 F. 840; Wil-

liams v. United States (C. C. A. 9) 275 F. 129."

In the case of United States v. Greene, cited by the United States Circuit Court of Appeals for the Eighth Circuit, as above stated, District Judge Speer, after stating the foregoing rule, applied the same to a situation very similar to that presented by the record here. In that case plea in abatement was interposed to an indictment upon nine grounds. The court said:

"The first ground is that the names of persons placed in the jury box from which the grand jury was taken were not placed therein by H. H. King, clerk of this court, and the jury commissioner, but that, H. H. King being accessible, and in no wise disabled or disqualified, the names were placed in the box by the jury commissioner and a deputy clerk by the handfuls or bunches, and that they should be placed therein alternately by the said clerk and by the said commissioner, and that this tended to the injury and prejudice of these defendants."

Of this the court said:

"It is not averred that the names in the jury box did not conform to the names on the jury list or book referred to. It is averred that a deputy clerk placed these names in the jury box. This would not, in my judgment, have been a violation of law, and assuredly would not have disqualified the jurors whose names were placed in the box, provided the clerk was present, took part in the selection of the names, and supervised the manual act of placing the tickets in the box. Whart. Cr. Law p. 171. While the statute on this subject is apparently mandatory, and while, in my opinion, there is a personal trust imposed by the act of congress upon the individual who is the clerk, yet, in the absence of any charge of bad faith or corrupt motive in the selection of a jury, or other conduct prejudicial to the defendant, if he fails to comply with literal strictness to the provision of the statute, yet does substantially comply, his action will not be regarded as vicious and unlawful. This is especially true where no juror selected is alleged to be disqualified, and no intimation of political or other bias is ascribed to a person or the persons whose names are placed in the box."

Judge Speer then cites the decision of Circuit Judge Swayne (U. S. v. Ambrose [C. C.] 3 F. 283, 286), holding that the manner of selecting the jury is mandatory, but also holding that if an honest effort is made to carry out the provisions of the statute in good faith any irregularities arising from motives other than those of an evil character are not fatal to the indictment.

In the case at bar appellants were unable to suggest any way in which they could be prejudiced by the failure of the clerk and the jury commissioner to place the names in the box alternately one at a time by the jury commissioner and the clerk, and under the foregoing decisions failure so to do would not be prejudicial error. It is contended, however, that in view of the express provision of the Alaskan statute that the rule is changed by the statutory declaration that "any violation of the provisions of this Act is hereby declared to be reversible error." It is not claimed that the territorial legislation has any power to bind this court in the exercise of its appellate jurisdiction conferred upon it by the Congress of the United States. On the contrary, this court is expressly admonished by Congress not to reverse judgments because of errors which are not prejudicial. 28 USCA § 391. It may be conceded that the act of the Legislature of Alaska was intended to be mandatory, and yet it does not follow that every case, civil and criminal, should be reversed because of the carelessness of the clerk and jury commissioner in details with relation to the selection of the jury which have no particular significance. The purpose of requiring the jurors' names to be placed in the box alternately by the jury commissioner and by the clerk was undoubtedly that each might have an equal voice in the selection of the jury and would thus permit the selection of a jury regardless of whether or not they agree on each individual name placed in the jury box. If they have reached an agreement as to a list of prospective jurors so that each juror is virtually the selection of both the commissioner and the clerk, no possible advantage could accrue from the mere mechanical method of placing the names in the box. The fact that the box is required to be well shaken before the name of a juror is drawn therefrom sufficiently indicates the lack of significance of placing the names in the box one at a time alternately.

There is, however, another answer to the contention of the appellant as to the proper interpretation of the law of Alaska with relation to the drawing of a juror. It is expressly provided in the Compiled Laws of Alaska that a challenge to the panel shall not be allowed. Section 2230 of the Compiled Laws of Alaska 1913 provides that no challenge shall be made or allowed to the panel. A challenge is an objection to a particular juror and may be either, first, peremptory, or, second, for cause. Compiled Laws of

Alaska 1913, p. 722, § 2230, 30 Stat. 1297 et seq. It is not contended that this statute has been repealed either directly or by implication. It is conceded in the argument that if such a challenge to the panel had been interposed it should have been denied by reason of the terms of section 2230, and the record in this case shows that no challenge was interposed to the panel. On the contrary, the challenge was interposed to each individual juror, but the fact that the challenge was interposed in this fashion does not at all change the nature or character of the challenge; it is essentially a challenge to the entire panel, based upon the proposition that the panel was not properly chosen but selected from the trial jury box, which was filled in a manner not authorized by law. If section 2230 of the Alaskan Code prohibiting a challenge to a panel is the law controlling the courts trying cases in Alaska, the court properly denied the challenge to each individual juror upon the grounds stated. The contention advanced by the appellant, however, it should be stated, in substance is predicated upon the proposition that the Legislature of Alaska has in effect repealed this statute by implication. Although not so stated, the point should not be disregarded because of an inadvertent concession as to the effect of section 2230. We think it clear, however, that there was no intention to repeal this statute prohibiting challenges to the panel. Repeals by implication are not favored and should only be recognized in a case of clear and definite conflict between the old and the new legislation.

In determining the intention of the legislation in the enactment of section 12 of the Laws of Alaska of 1925, p. 37, c. 16, we have already called attention to the fact that the Legislature has no power to determine what errors shall be regarded by this court or by the Supreme Court as prejudicial. This expression by the Legislature, so far as it has any validity, is merely calculated to emphasize the first portion of the sentence in which it occurs, namely, no case, either civil or criminal, shall be tried in any of the courts of the territory of Alaska except in accordance with the provisions of this act. It will be observed that this sentence refers to the trial of the case and not to the selection of the names for the trial jury box. So far as the trial is concerned the statute only applies after the time the clerk has drawn the names from the trial jury box.

We conclude: First, that the Legislature of the territory of Alaska has power to regulate the method of selection of grand and petit juries; second, that it has no power to regulate the jurisdiction and authority of the federal courts hearing appeals from the territory of Alaska; third, that the provisions of the law of Alaska (Laws of Alaska 1925, p. 29, c. 16) with reference to the drawing of the jury are mandatory; fourth, that the defendant in a criminal action cannot take advantage of slight departures from the procedure enacted by the legislature without showing that his rights have been prejudiced thereby; fifth, that the law of Alaska still prohibits a challenge to the panel and thus, in effect, deprives a party of the right to complain of the method of the selection of names for the jury box; sixth, that the prohibitions contained in section 12 of the laws of Alaska, 1925, p. 37, c. 16, were not intended to apply to the method of selection of names for or the deposit of names in the jury box, but were intended to apply only to the proceedings on the trial of the case.

At the conclusion of the evidence the defendants requested that the court then and there instruct the jury before the argument of counsel. This request was in accordance with the statute of Alaska (Session Laws 1929, p. 120), which, in accordance with the custom in codes of civil or criminal procedure, fixes the order of trial. This statute provides as follows:

"That after the jury is empanelled and sworn the trial shall proceed in the following order:

"First: * * * (Government's opening statement.)

"Second: * * * (Defendant's opening statement.)

"Third: * * * (Government's evidence.) (Defendant's evidence.)

"Fourth: * * * (Government's rebuttal.)

"Fifth: * * * (Requests for instructions.)

"Sixth: When the court shall have charged the jury, unless the case be submitted without argument, the counsel for the United States shall commence, the defendant or his counsel follow, and the counsel for the United States conclude, the argument to the jury.

"Seventh: The court, when the evidence is concluded, and before the beginning of the argument, shall immediately, and before proceeding with other business, charge the jury; which charge shall be reduced to writing by the court, and a copy of such instructions shall be given to counsel for each of the parties, plaintiff and defendant; such charge or

charges, or any other charge or instructions provided for in this section when so written and given, shall in no case be orally qualified, modified, or in any other manner explained to the jury by the court; and all written charges and instructions shall be taken by the jury in their retirement and returned with their verdict into court and shall remain on file with papers of the case."

The states of Arizona, Arkansas, Colorado, Kansas, Michigan, Missouri, Nevada, Ohio, Texas, Utah, Washington, and Wyoming have similar provisions in regard to the instructions of the jury by the court before the argument. The appellee contends that this legislation is violative of the Organic Act establishing the Alaskan Legislature, in that it deprives a judge of the district court of authority, jurisdiction, or function exercised by like judges of the District Courts of the United States. 48 USCA § 80; 37 Stat. 512, c. 387, § 3.

In determining this question it is important to consider the question as to what constitutes the functions of a judge of a United States District Court in instructing a jury. This question has frequently been before the federal courts in determining the effect of the Conformity Act, enacted June 1, 1872 (17 Stat. 197, Rev. St. § 914 [28 USCA § 724]), requiring that "the practice, pleadings, and forms and modes of proceeding in civil causes, other than equity and admiralty causes, in the district courts, shall conform, as near as may be, to the practice, pleadings, and forms and modes of proceeding existing at the time in like causes in the courts of record of the State within which such district courts are held. * * * "

In Nudd v. Burrows, 91 U. S. 426, 439, 23 L. Ed. 286, in 1875, the Supreme Court had under consideration the question as to whether or not a District Judge of the United States District Court in Illinois was bound to follow the practice act of that state, which required the court to instruct the jury in writing only on questions of law, to be modified in writing only, such written instructions to be taken by the jury upon retirement (page 441 of 91 U. S., citing 1 Gross' Stat. p. 289). It was held that this law was not regulating "the practice, pleadings and forms and modes of proceeding," but one relating to the personal administration by the judge of his duties; that by such a law "the powers of the judge as defined by the common law were largely trenched upon." The court said:

"Questions of law are to be determined by the court; questions of fact, by the jury. The authority of the jury as to the latter is as absolute as the authority of the court with respect to the former.

"No question of fact must be withdrawn from the determination of those whose function it is to decide such issues.

"The line which separates the two provinces must not be overlooked by the court. Care must be taken that the jury is not misled into the belief that they are alike bound by the views expressed upon the evidence and the instructions given as to the law. They must distinctly understand that what is said as to the facts is only advisory, and in no wise intended to fetter the exercise finally of their own independent judgment. Within these limitations, it is the right and duty of the court to aid them by recalling the testimony to their recollection, by collating its details, by suggesting grounds of preference where there is contradiction, by directing their attention to the most important facts, by eliminating the true points of inquiry, by resolving the evidence, however complicated, into its simplest elements, and by showing the bearing of its several parts and their combined effect, stripped of every consideration which might otherwise mislead or confuse them. How this duty shall be performed depends in every case upon the discretion of the judge. There is none more important resting upon those who preside at jury-trials. Constituted as juries are, it is frequently impossible for them to discharge their function wisely and well without this aid. In such cases, chance, mistake, or caprice may determine the result. * * *

"A statute claimed to work this effect must be strictly construed. But no severity of construction is necessary to harmonize the language employed with the view we have expressed. The identity required is to be in 'the practice, pleadings, and forms and modes of proceeding.' The personal conduct and administration of the judge in the discharge of his separate functions is, in our judgment, neither practice, pleading, nor a form nor mode of proceeding within the meaning of those terms as found in the context. The subject of these exceptions is, therefore, not within the act as we understand it.

"There are certain powers inherent in the judicial office. How far the legislative department of the government can impair them, or dictate the manner of their exercise, are interesting questions; but it is unnecessary

in this case to consider them. Houston v. Williams, 13 Cal. 24 [73 Am. Dec. 565]."

The Supreme Court in Indianapolis & St. L. R. R. Co. v. Horst, 93 U. S. 291, 300, 23 L. Ed. 898, again stated that the Conformity Act was not intended to fetter the judge in the personal discharge of his duties and held that the manner in which he should discharge his duties in charging a jury was not to be controlled thereby. In Lincoln v. Power, 151 U. S. 436, 14 S. Ct. 387, 390, 38 L. Ed. 224, decided in 1894, Mr. Justice Shiras, dealing with a similar state statute, said:

"The statutes of Nebraska require that all instructions of the court to the jury shall be in writing, unless the so giving of the same is waived by counsel in the case in open court, and so entered in the record of said case; and it is argued that, by virtue of section 914 of the Revised Statutes of the United States, such provisions of the Nebraska laws is made obligatory on the circuit court of the United States for that district, and that hence it was reversible error in the court below to give oral instructions.

"But we are of opinion that the judges of the federal courts are not controlled in their manner of charging juries by the state regulations. Such part of their judicial action is not within the meaning of section 914."

On the authority of Lincoln v. Power, supra, the United States Circuit Court for the Sixth Circuit held in Payne v. Haubert, 277 F. 646, in 1922, that the Conformity Act did not require the federal court to instruct a jury before the argument as required by section 11447 of the General Code of Ohio. See section 1433 Cyc. of Fed. Procedure, vol. 4, c. 26.

■ In having been thus established by the decisions of the Supreme Court, prior to the enactment by Congress of the act establishing the Legislature of the territory of Alaska, that the mode and manner of instructing a jury by a judge in the exercise of his common-law function of determining the law applicable to the case and informing the jury thereof was so distinctly a function of the judge in the trial of a jury case that state laws enacted for the purpose of controlling the judge in the exercise of that function were not intended by Congress to apply to trials in a United States court, it would seem to follow that when Congress gave the Alaskan Legislature general legislative power, but withheld therefrom power to interfere with the functions of the judges of the district courts established therein exercised by them

and by the judges of the United States District Court, it intended to prevent legislation concerning the mode and manner of instructing juries, which was an established function of such judges, thus securing a uniformity in the judicial function of district courts, whether territorial or otherwise, in the trial of actions at law. These considerations, if not conclusive, are persuasive that as Congress intended by the Conformity Act to secure uniformity of procedure with that in the state courts but did not intend to secure such uniformity at the expense of altering the common-law functions of the trial judge, in establishing the territorial Legislature and limiting its powers, Congress did not intend to permit the Legislature thus established to interfere with those functions.

We conclude that there was no error in refusing to instruct the jury before the argument. It should perhaps be stated that we are here dealing with the power of the territorial Legislature under the delegation thereto by Congress, and not with the acts of Congress establishing the codes and laws of Alaska, which were in force at the time such power was delegated.

The court properly sustained an objection to a question asked the witness Lee Dock tending to impeach the witness W. B. Sharp for the reason that no proper foundation was laid therefor in the examination of W. B. Sharp.

■ The appellant Johnstone claims that the evidence was insufficient to justify his conviction, but no motion for a directed verdict was made by him at the conclusion of the trial, and the point is not available to him. His motion for a dismissal of count 1 at the conclusion of the government's case for lack of evidence is not sufficient to raise the question of the insufficiency of the evidence at the conclusion of the defendant's evidence. McDonnell v. U. S. (C. C. A.) 133 F. 293; Thlinket Packing Co. v. U. S. (C. C. A.) 236 F. 109; Burton v. U. S. (C. C. A.) 142 F. 57, 60.

Judgment affirmed.

DIETRICH, Circuit Judge (concurring).

Upon the point touching the placing of the names of prospective jurors in the box, I concur on the sole ground that what was done by the officers was in substantial compliance with, and necessarily accomplished in full the purpose of, the law. Where, as here, both officers are present, advisedly agree upon the jurors to be selected, and co-operate in putting the names agreed upon into the box, to

hold a procedure, the only rational object of which is to cover a case of disagreement, indispensable to validity, would be to impeach the good sense of the Legislature. But I do not share in the view that where a mandatory requirement of the statute is substantially violated, or disregarded, a party to an action is without remedy by seasonable challenge to the jurors so unlawfully selected, or that to succeed he must affirmatively show prejudice —generally a burden it would be impossible for him to carry—or that the appellate court will ignore a plain violation of the law in such a case merely because actual prejudice is not affirmatively established. Generally a party could not make such a showing even were he to be compelled to go to trial before ten jurors instead of twelve.

Upon the question of the time for charging the jury, and other minor assignments, I concur in the principal opinion.

RUDKIN, Circuit Judge (dissenting).

I do not think that a territorial judge is as free from the control of a territorial Legislature as is a United States District Judge from the control of a state Legislature, and I entertain grave doubt whether a legislative act providing that a territorial court in Alaska shall charge the jury in writing and before the argument is anything more than a minor regulation having to do with practice and procedure. United States v. Wigger, 235 U. S. 276, 281, 35 S. Ct. 42, 59 L. Ed. 226. To so regulate the practice and procedure is certainly a right subject of legislation; and it can hardly be said that such a regulation deprives the judge of any authority, jurisdiction, or function within the meaning of section 3 of the act creating a legislative assembly in that territory. 37 Stat. 513.

The judgment should be reversed.