UNITED STATES v. ROBERTS.

No. 2069-KA.

First Division. Juneau.

Oct. 8, 1931.

H. D. Stabler, of Juneau, for the United States.

George B. Grigsby, of Juneau, for defendant.

HARDING, District Judge.

This case is before the court upon the plea in abatement filed by the defendant and motion to quash the indictment, on the ground that the grand jury was not duly impaneled and drawn according to law.

The defendant has introduced evidence in support of the plea in abatement, and the government has introduced evidence in support of its answer to this plea. This evidence tends to go to the validity of the act of the territorial Legislature, found in chapter 100 of the Session Laws of 1931, prescribing the manner of drawing juries, particularly pre-

scribing the number of names of jurors to be placed in the jury box before drawing grand and petit juries.

The evidence introduced by the defendant went to the fact that this act was not complied with as to the number of names placed in the box by the clerk and jury commissioner. The evidence introduced by the government went to show that the compliance with this act would involve unnecessary expense to the government and would prevent the court from exercising its authority to select jurors so as to be most favorable to an impartial trial, and would materially change the system adopted by Congress prior to August 24, 1912.

As judge of this court, it seems to me hardly necessary that proof be introduced on these points. The court feels that it can practically take judicial notice of those facts, and, under the evidence, finds that compliance with this law would necessarily involve not only an unnecessary expense, but a great unnecessary expense to the government, and that a compliance with this act would seriously impair the power of this court to select juries so as to best secure an impartial trial in cases in this division of the district of Alaska, and such a condition would, it seems to me, be a material change in the system adopted by Congress prior to August 24, 1912, establishing the judicial department.

It has been urged that the question involved has been passed upon in Hauptman v. United States (C.C.A.) 43 F.(2d) 86. There is perhaps some general language in that decision that might be construed as broad enough to cover this question; however, the exact point before the court in that case was not as to the number of jurors, but was as to the method of selecting jurors. The question raised was as to whether or not the clerk and jury commissioner had complied with an act of the territorial Legislature in putting the names alternately into the jury box. That was the point involved, and that was the point decided; that is, the court in that case decided that the Legislature had the authority to determine the method by which the clerk

and jury commissioner should put the names into the jury box. If the language of the court was broader than that, the broader statement was obiter dicta.

This court might acquiesce in the law passed by the Legislature of the territory and so avoid the uncertainty and difficulty entailed by a different position if it were not for the fact that compliance with this act would not only add great unnecessary expense to the operation of court, but would be disastrous to the administration of criminal justice in this division and highly prejudicial to the administration of civil justice.

So, because of the importance of this question and its far-reaching effect upon this court and the administration of justice in this division of the district of Alaska, I have not attempted to avoid the responsibility that rests upon this court to determine the question involved. The court, in drawing the order calling for the selection of the juries under which the grand jury in question was elected, drew the order in compliance with the law of the United States. If I had thought that there would be any attempt to comply with chapter 100 of the Session Laws of 1931 as to the number of names to be placed in the jury box, I would have specifically limited the number of jurors to be drawn as I feel I had authority to do under the acts of Congress. My recollection is I specifically told the clerk not to comply with that act as to the number of names to be placed in the jury box, though it was not stated in the order.

As I have stated, I am of the opinion that the case of Hauptman v. United States, cited, does not cover the point raised in this case.

The case of Sharp v. United States (C.C.A.) found in the 138 F. on page 878, has been cited to this court by the defendant, and it is stated that that case covers the precise question involved in this case. That case was decided in 1905, and does not involve the question before this court in the present case for the simple reason that subsequent to the decision in the case cited in the year 1912, at the time

that the Congress of the United States created the Legislature and established the present territorial government in this territory of Alaska, it placed specific limitations upon the territorial Legislature with regard to the courts of Alaska, possibly with such situations as arose in Oklahoma in mind.

The Organic Act of Congress specifically limited the power of the Legislature with reference to the courts. Sections 23 and 80, title 48 U.S.C.A. Under the Organic Act, § 3 (48 U.S.C.A. § 23), the Congress of the United States specifically provided that all laws of the United States passed prior to August 24, 1912, establishing executive and judicial departments in Alaska, continue in full force and effect until amended or repealed by act of Congress, and in section 3 (48 U.S.C.A. § 80) that the Legislature shall pass no law depriving the judges and officers of the District Court of Alaska of any authority or function exercised by like officers of District Courts of the United States, which, in my opinion, would be a distinct limitation upon the authority of the Legislature of the territory of Alaska to prescribe, as it has attempted to do, in chapter 100, Session Laws of 1931, that this court must draw juries from a box containing a certain number of names of voters.

The question before this court is whether or not the right to determine the number of individuals whose names shall go into the jury box is an authority, jurisdiction, or function of this court or the officers of this court.

The case of Sharp v. United States, cited by the defendant, would be an authority to the effect that the right to determine the number of names to be placed in the jury box is a function of the court. In 138 F. 878, on page 884, the court said, "It may be conceded, for the purposes of this case, that at common law a large measure of discretion may be and ought to be intrusted to the presiding judge, in exercising a supervisory jurisdiction over the constitution of juries, to keep the array and panel as free as possible

from improper characters, such as seem to him would impair the morale of the body, and that this discretion ought not to be interfered with by the reviewing court," but proceeds to state that that authority had been properly limited by the Legislature of that territory. From the case the question of what limitations were placed on the authority of the Legislature in that territory does not appear, and no question was raised as to any such point. Nor does an examination of the act creating the territorial government show any limitations such as exist in the act of Congress creating the territorial government in Alaska. There is no question but that legislative authority can limit the power of the court in such matters. Congress certainly can limit it. The question is as to whether or not the Legislature of this territory can limit it.

█ It must be conceded that at common law the court did exercise a great authority over the selection of juries and controlled the number to be placed in the jury box, but, whether or not at common law the number was determined by the court, in the District Courts of the United States that has always been the practice, whether it is inherent or conferred by the statute makes no difference. The District Courts of the United States have the authority and power to limit the number of jurors. They had that power at the time the Organic Act was passed.

█ It seems to me clear that this is an authority and a power of the court. If the Organic Act read that the Legislature shall "pass no law depriving the judges and officers of the United States of any authority, jurisdiction or function exercised by like judges or officers of district courts of the United States, and such authority or function shall be construed to include the right of the court to determine the number of jurors to be selected," then the act of the territorial Legislature we are considering would be invalid; yet such a wording of the Organic Act would simply call attention to the fact that what is now an authority and function of the court is such authority or function. It

would add nothing to the terms of this limitation except to be specific as to a limitation already covered in general terms.

For these reasons I am of the opinion that the act in question, that is, chapter 100 of the Session Laws of 1931, in so far as it attempts to prescribe the number of jurors that must be placed in the jury box, is invalid under the limitations of Congress as to the power of the territorial Legislature, and void. This decision does not in any way affect the well-established right of the Legislature to fix the qualifications of jurors, nor does it infringe the point decided in the case of Hauptman v. United States, as to the method of putting the names of the jurors in the box.

For the reasons stated, the plea in abatement is denied.